### OVERSEAS TRADING CORPORATION v. THE CLUMBERHALL et al.

### OVERSEAS TRADING CORPORATION v. LANCASHIRE.

United States District Court
S. D. New York.
June 7, 1949.

John F. Hughes, New York City, for petitioner.

Hill, Rivkins & Middleton, New York City, Arthur O. Louis, Mark T. Walsh, New York City, for libellant in first action.

Hatch, Wolfe, Nash & Ten Eyck, New York City, for libellant in second action.

William P. Lage, New York City, of Counsel.

Kirlin, Campbell, Hickox & Keating, New York City (L. deGrove Potter, New York City, of counsel), for respondent Lamport & Holt Lines, Ltd.

Mendes & Mount, New York City (Russell T. Mount, New York City, of counsel), for Lancashire and the other Underwriters.

HULBERT, District Judge:

Theresa L. Baum, executrix of the estate of Charles W. Baum (hereinafter called Baum), moves for an order permitting intervention in each of the above entitled suits in admiralty. Since the facts and law involved are substantially similar, both motions will be considered and disposed of in one opinion.

The suits were instituted to recover for damages to shipments of dessicated coconut from Brazil to New York. The first action is actually brought on behalf of underwriters of Lloyd's of London who paid libellant on a policy of insurance covering the shipment en route against the carrier. In the latter action, the underwriters have resisted payment and are being sued on the policy; the underwriters in turn, impleaded the carrier on whose ship the coconut was shipped.

Baum alleges that Mr. Baum purchased a quantity of the coconut "ex-dock New York duty paid". After a down payment, the balance due was payable against invoices and delivery orders to the steamship company as soon as the shipments arrived and were released by customs and the Department of Food and Drugs. Baum took delivery as per contract, paid the purchase price to Overseas, and later found a substantial portion of the coconut decayed and unfit for human consumption. He thereupon returned a part of the coconut which was accepted by Overseas. When Baum demanded a return of the purchase price, Overseas refused. Baum thereupon commenced an action against Overseas in Supreme Court, New York County, which action is still pending undecided.

The suits in admiralty in this Court are based upon maritime contracts, either that of carriage from Brazil to New York, or the insurance policy covering the shipments. It is apparent that Baum's interest did not come into being during the existence of those contracts, for he did not acquire title to the coconut until it arrived ex-dock New York. Firestone Plantations Co. v. Pan Atlantic S. S. Corp., D.C., 77 F.Supp. 401. Baum's claim against Overseas is based either on breach of the contract of purchase and sale, which contained warranties of sound quality and merchantability, or on a quasi contractual theory of money had and received. In either event, these claims are non-maritime and may not be asserted in admiralty against the carrier or the insurer.

Motions denied.

Settle orders on notice.