**ISBRANDTSEN CO., Inc.**

v.

**S. S. KOKOH MARU, S. S. KOCHU MARU, their engines, etc. and against Daido Kaivn Kaisha, Ltd.**

United States District Court
S. D. New York.

Oct. 24, 1966.

Beer, Richards & Haller, New York City, for intervenor, Sumitomo Shoji New York, Inc., Clifton Cooper, New York City, of counsel.

Kirlin, Campbell & Keating, New York City, for respondent, Daido, James J. Higgins, New York City, of counsel.

Lord, Day & Lord, New York City, for libelant, Isbrandtsen, Leonard S. Leaman, New York City, of counsel.

COOPER, District Judge.

Sumitomo Shoji New York, Inc. moves to intervene in this libel. Motion denied.

Presently pending in the New York Supreme Court, New York County, is an action wherein Sumitomo Shoji New York, Inc. (Sumitomo), plaintiff, against Isbrandtsen Company, Inc., defendant, (movant and libelant respectively before us) seeks to recover the purchase price of steel wire under contracts of sale. The libel with which we are concerned was brought against the ocean carrier, respondent, to recover for damage to the identical goods while in transit.

We take into consideration the following:

1. September 28, 1961: Libel filed.
2. May 25, 1965: Libel dismissed.
3. April 11, 1966: The Court on libelant's application vacated the order and restored case to docket.
4. September 23: Intervenor noticed a motion returnable September 30, 1966 in the Calendar Part "for permission to make motion to intervene."
5. September 28: A consent order of discontinuance without prejudice by the parties to the libel was filed.
6. September 30: Chief Judge Sugarman sitting in Calendar Part granted the application for leave to intervene.
7. October 11: The instant motion to intervene was brought on and made returnable in Motion Part.

■ The parties to the libel, having been put on notice by intervenor on September 23 that it would make application for permission to move in Motion Part for leave to intervene, should have sought, by a recital of that fact, permission by a judge to discontinue without prejudice or court approval of the stipulation dated September 28. Accordingly, for purposes of this motion it will be assumed that the dismissal of September 28 had to be with the permission of the Court. See Rule 42(a), F.R.Civ.P.; Butler v. Denton, 150 F.2d 687 (10th Cir. 1945). Despite this and even if there had been no dismissal, the motion for intervention must fail.

■ There is here no intervention as of right because intervenor claims no " * * * interest relating to the property or transaction which is the subject of the action * * *." Rule 24(a) (2), F.R.Civ.P. Intervenor has no " * * * direct personal or pecuniary interest in the subject of the litigation". Commonwealth Edison Co. v. Allis-Chalmers Mfg. Co., 315 F.2d 564, 566 (7th Cir. 1963).

■ Intervention by permission, Rule 24(b), F.R.Civ.P., is also unavailable. Intervenor's current suit against libelant in the New York Supreme Court puts at rest issues in respect of any statute of limitations. Cf. Cresta Blanca Wine Co., Inc. v. Eastern Wine Corp., 143 F.2d 1012 (2d Cir. 1944). The present libel, even if revived, could have no effect (e. g., res judicata) on intervenor's claim in the New York court. See Baltimore & O. RR v. Thompson, 8 F.R.D. 96 (E.D. Mo. 1948).

■■ Most importantly, permissive intervention under these circumstances must have independent jurisdictional grounds. See, Kozak v. Wells, 278 F.2d 104, 113 (8th Cir. 1960); Curtis v. American Book Co., 137 F.Supp. 950 (S.D.N.Y.1955); State of Maryland, to Use of Carnesdale v. Rolen, 124 F.Supp. 86 (D.Md.1954); 4 Moore, Federal Practice, para. 24.18, p. 737. The original action being in admiralty, intervenor's claim against libelant on a non-maritime contract cannot be asserted in Admiralty. See, Overseas Trading Corp. v. The Clumberhall, 85 F.Supp. 905 (S.D.N.Y.1949).

Diversity is also lacking because intervenor has common citizenship with libelant, against whom it claims. See, 28 U.S.C. 1332. Intervenor's claim is "ancillary" to the main suit only in the sense of sharing some common questions of fact. Its suit against Isbrandtsen could not have originally been brought in this Court. Intervention should not be allowed to so expand federal jurisdiction. See, Rule 82, F.R.Civ.P.; Gentry v. Hibernia Bank, 154 F.Supp. 62 (N.D.Calif. 1956).

We observe in passing that intervenor's instant application is not shown to be timely—one of its essential burdens. It furnishes no information as to when it first learned of the pendancy of the libel (filed September 28, 1961).

Motion to intervene is denied.

This shall be considered an order; settlement thereof is unnecessary.

So ordered.