Frederick **BURNEY**, Plaintiff,

v.

**NORTH AMERICAN ROCKWELL CORPORATION**, Defendant.

**Civ. No. 68-258.**

United States District Court
C. D. California.

June 4, 1969.

Richard I. Wideman, Marina del Rey, Cal., and Barry A. Schulman, Beverly Hills, Cal., for plaintiff.

Stephen E. Tallent, Los Angeles, Cal., Gibson, Dunn & Crutcher, Los Angeles, Cal., of counsel, for defendant.

David R. Cashdan, Equal Employment Opportunity Commission, Washington, D. C., for Equal Employment Opportunity Commission.

## MEMORANDUM AND ORDER GRANTING MOTION TO INTERVENE AND MOTION TO STRIKE AND DENYING MOTION TO DISMISS

PREGERSON, District Judge.

This is an action brought by plaintiff, Frederick L. Burney, under 42 U.S.C. § 2000e *et seq.*, based on alleged discrimination in employment. On March 28, 1969 Lillie Mobley, John G. Motley, and Cleo Watkins filed a motion to intervene as plaintiffs. On April 14, 1969 defendant filed a motion to dismiss the complaint or to strike the allegations pertaining to a class action. These matters came on for hearing and were submitted to the Court for its decision. The

Equal Employment Opportunity Commission appeared as *amicus curiae*.

Plaintiff was employed by defendant as a "patrolman." On May 19, 1967 he was discharged by defendant, purportedly for violation of defendant's Industrial Security Rules. Plaintiff filed a charge with the Equal Employment Opportunity Commission (hereinafter referred to as EEOC) alleging discrimination on the basis of race or color and sex. In the charge, plaintiff explained that he was discharged for being tardy two times within a 60-day period and that he felt he was discriminated against partly because of sex, because certain female employees of defendant were tardy more often than he but were not discharged.

As required by 42 U.S.C. § 2000e–5(b), the EEOC forwarded the charge to the California Fair Employment Practices Commission and deferred action on the matter. The California Fair Employment Practices Commission found no cause for the charge, and the EEOC was requested to assume active jurisdiction. Pursuant to plaintiff's request, the EEOC notified him on February 13, 1968 that efforts to resolve the matter by voluntary compliance had failed. Plaintiff filed his complaint in this action on February 20, 1968. On March 13, 1969 plaintiff was permitted to file a First Amended Complaint.

In the First Amended Complaint, plaintiff states that he is bringing this action for himself and for all Negro employees of defendant from and after July 2, 1965 (the effective date of the relevant provisions of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*). The First Amended Complaint alleges that plaintiff was discharged solely because of his race and that defendant discriminated against plaintiff and other Negro employees by more stringent and strict application of work rules, company rules, regulations, and the terms and conditions of employment, in such a way as to result in a difference in treatment between Negro and Caucasian employees. Plaintiff seeks monetary damages, reinstatement, and an order enjoining defendant from discriminatory application of its rules and regulations.

## MOTION TO DISMISS

Dealing first with the motion to dismiss, defendant contends that this Court lacks subject matter jurisdiction because the allegations in the First Amended Complaint are broader than and different from the allegations plaintiff made in his charge filed with the EEOC. Defendant contends that plaintiff has attempted to bypass the EEOC and that plaintiff has not exhausted his administrative remedies.

It is true, as defendant contends, that the allegations in the First Amended Complaint are somewhat broader than the allegations in the charge filed with the EEOC. The charge filed with the EEOC alleged discriminatory discharge because of race (and partly because of sex); it did not expressly allege a company-wide policy of discriminatory application or enforcement of work rules, regulations, and conditions of employment. But the issue raised by plaintiff's charge was whether he was discharged because he was tardy too often or because he was tardy too often and was Negro. By alleging that his discharge was discriminatory, rather than a bona-fide application or enforcement of company work rules and regulations, plaintiff implicitly alleged that defendant applied and enforced its work rules and regulations in a discriminatory manner.

It should be of no surprise to defendant that plaintiff now contends that his discharge was not an isolated and unprecedented act of discrimination. It does not appear to this Court that there is a material variance between the charge filed with the EEOC and the allegations of the First Amended Complaint.

Defendant cites Stebbins v. Nationwide Mutual Insurance Co., 382 F.2d 267 (4th Cir. 1967); Mickel v. South Carolina State Employment Service, 377 F.2d 239 (4th Cir. 1967), and Cox v. United States Gypsum Co., 284 F.Supp. 74 (S.D. Ind.1968) reversed in part 409 F.2d 289

(7th Cir. April 9, 1969). These cases do not apply here. In *Stebbins* and *Mickel* the plaintiff failed to perfect the filing of any charge with the EEOC. In *Cox* the plaintiffs brought an action alleging discriminatory recall, whereas their charges filed with the EEOC alleged discriminatory layoffs; the Court held that the act complained of in the complaint was of a different type and character from the act complained of in the charge filed with the EEOC, and that the EEOC and the defendant were not adequately informed of the actual grievance. Here, on the other hand, plaintiff alleges discrimination which is of the same type and character as the discrimination alleged in the charge filed with the EEOC.

## MOTION TO STRIKE CLASS ACTION

Dealing next with the motion to strike, defendant contends that plaintiff has failed to show that there are common questions of law or fact between plaintiff and all other Negroes employed by defendant since July 2, 1965. Defendant further contends that plaintiff cannot adequately represent the interests of the other Negro employees of defendant.

In order to determine whether there are common questions of law or fact and whether plaintiff will fairly and adequately protect the interests of the class, one must first define the relevant class. Plaintiff's counsel contends that the relevant class is all Negro employees of defendant since July 2, 1965.

█ Plaintiff does not have standing to represent the interests of all Negro employees of defendant since July 2, 1965. In order to obtain relief for himself, plaintiff need not necessarily prove every act of alleged discrimination against Negroes that defendant may have committed since 1965. The Court cannot assume, for example, that plaintiff will fairly and adequately represent the interests of other Negroes who were discriminated against in such areas as job assignments, overtime, or vacations. Nor can it be expected that plaintiff, who has not been employed by defendant in the past two years, will fairly and adequately represent the interests of current employees as to all alleged discrimination practiced by defendant within the broad scope of "work rules, company rules, regulations, and the terms and conditions of employment."

As the Court stated in Johnson v. Georgia Highway Express, Inc., 47 F.R.D. 327 (N.D.Ga. October 8, 1968):

> "One of the problems presented by the case is that plaintiff has nowhere identified in clear, precise language the exact class he seeks to represent. By deduction from an analysis of his complaint and particularly of the remedies sought therein, however, the class is seemingly that of 'all persons who have been wrongfully discharged by, or are presently employed by, or who may seek employment with the defendant, and who may be discriminated against in the process because of their race or color.' By any rational construction of the preliminary requirements of Rule 23, this is not a proper group for a class action, as it includes far too many different interests and questions of law or fact for this plaintiff or any combination of plaintiffs to effectively assert in any manageable litigation. This plaintiff's proper class is only that of 'all persons wrongfully discharged for reason of their race or color.'

> There is no indication whatsoever that he has standing himself at this time to effectively represent the rights of either potential job applicants or of present employees.

> \*　　\*　　\*　　\*　　\*　　\*

> Similar reasoning applies to the plaintiff's claim to represent all of the present Negro employees. Neither a discharged ex-employee nor a (potential) applicant may effectively assert or represent rights which only grow out of a present employment relationship." 59 LC page 6758.

*See also,* Sawyers v. Grand Lodge, etc., 279 F.Supp. 747 (E.D.Mo.1967) (ex-

pelled union member has no standing to bring class action on behalf of current union members). *Accord,* King v. Georgia Power Co., 295 F.Supp. 943 (N.D. Ga.1968); Hall v. Werthan Bag Corp., 251 F.Supp. 184 (M.D.Tenn.1966) (current employee alleging that promotions and training were available to white employees but not to Blacks, permitted to proceed in class action with respect to continuing harm but not for redress of past effects of the alleged discrimination).

Plaintiff relies primarily on Jenkins v. United Gas Corp., 400 F.2d 28 (5th Cir. 1968), and Carr v. Conoco Plastics, Inc., 295 F.Supp. 1281 (N.D.Miss.1969). In *Jenkins* the plaintiff complained of company-wide discrimination in job promotion and sought an injunction against discrimination in job promotion and damages for back pay differential. The Court of Appeals held that the action could not be dismissed as moot simply because the plaintiff was given a promotion after the action was brought. The Court correctly held that the action was not moot, for the mere fact that Jenkins had been given one promotion did not mean that defendant would not discriminate against him and other Negroes in granting future promotions. Nor did the granting of a promotion to Jenkins make his claim for back pay differential moot. Jenkins was a current employee of the defendant and therefore continued to have standing to raise the issue of discrimination in job promotions, both for himself and for other Negro employees of the defendant. Here, on the other hand, plaintiff, who is not presently employed by defendant, has no standing to raise issues affecting only current employees of defendant, nor did plaintiff have standing at the time this action was filed.

In *Carr,* the Court stated that Negroes who had been denied employment by the defendant had standing to bring an action on behalf of all employees of the defendant with respect to discriminatory practices within the plant, "if those practices, although not directly injurious to them at the time of their application for employment, potentially affect them because of their race." 295 F.Supp. at 1289. The Court did not explain the nature of the alleged discriminatory practices within the plant and did not explain how the plaintiffs would "fairly and adequately" protect the interests of those who were current employees of the defendant, as required by Fed.R.Civ.P. 23(a)(4).

It should be noted, however, that although the Court finds that this case has not been presented as a proper class action, this does not mean that the action might not be converted into a well-defined class action at some future time. Fed.R.Civ.P. 23(b)(2), (c)(1), (d); Russell v. Alpha Portland Cement, 58 LC ¶ 9151 (D.C.Ala. July 31, 1968). Nor does it mean that plaintiff is foreclosed from showing that defendant follows a general policy or practice of discrimination, if plaintiff deems it necessary in order to prove discrimination in his particular case by circumstantial evidence.

## MOTION TO INTERVENE

The three intervenors allege in their complaints lodged with the Court that they were also discharged by defendant and that their discharge was the result of discriminatory application and enforcement of company rules. It is clear that the intervenors raise questions of fact and law similar to those of the principal case. It does not appear that the intervention would cause undue delay or prejudice the rights of the original parties, because, in order to prove that racial discrimination contributed to his discharge, plaintiff may have to show similar situations in which Caucasions were not discharged and other Negroes were discharged. To allow other Negroes to intervene as plaintiffs would therefore not significantly alter the scope of the original case. Plaintiff does not oppose the intervention. The Court finds that intervention would be proper within Rule 24 of the Federal Rules of Civil Procedure.

The intervenors contend that jurisdiction is ancillary as to them and that they do not have to satisfy any jurisdictional requirements. The intervenors cite Oatis v. Crown Zellerbach Corp., 398 F.2d 496 (5th Cir. 1968) for the proposition that in a proper class action all members of the class need not have complied with the jurisdictional requirements of 42 U.S.C. § 2000e–5. The opinion in *Oatis* must be read in its factual and statutory context.

In *Oatis,* the plaintiff, bringing a class action, alleged that the defendant discriminated against Negroes by reserving the better-paying and more desirable jobs for whites. *See* facts stated in the opinion of the District Court, *sub nom.* Mondy v. Crown Zellerbach Corp., 271 F.Supp. 258 (E.D.La.1967). Some of the members of the class had not filed charges with the EEOC. The Court of Appeals stated: "It would be wasteful, if not vain, for numerous employees, all with the same grievance, to have to process many identical complaints with the EEOC. If it is impossible to reach a settlement with one discriminatee, what reason would there be to assume the next one would be successful." 398 F.2d at 498.

It must be recognized that in *Oatis* the alleged discrimination was continuing, and the employees of the defendant were continually affected. Although some of the individual members of the class had not actually filed charges with the EEOC, they could have filed timely charges at any time. Here, on the other hand, the plaintiff alleges discriminatory discharge, which is not a continuing act. 59 LC ¶¶ 1255.55, 1255.75; Cox v. United States Gypsum, *supra.*

The Civil Rights Act of 1964 provides fixed time limitations within which a charge may be filed with the EEOC. It also provides that an action may be brought in a United States District Court only after a timely charge has been filed with the EEOC, and that the action must be brought no later than 30 days after the EEOC has notified the aggrieved party of its failure to obtain voluntary compliance with the Act. 42 U.S.C. § 2000e–5(e), (f).

■ The purpose of imposing these limitations is to resolve claims of discrimination while the facts are still fresh. Absent a showing of extenuating circumstances, if an individual could ignore the EEOC and permit the time periods to expire and could then come to court with his claim revived whenever another person brings an action raising similar questions of law or fact, it would nullify the requirements of the Act and frustrate the obvious intent of Congress that the issues be brought first to the EEOC and then to the courts without delay.

■■ Therefore the mere fact that a class action is brought does not obviate the requirement that each intervening member of the class be able to establish a jurisdictional basis for his claim. *Cf.* Snyder v. Harris, 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed. 319 (1969). In this context, it appears that the Court in *Oatis* simply enunciated a rule of reason (with which this Court agrees): an individual who could file a timely charge with the EEOC need not do so, but may instead proceed directly to intervene as a member of the class action already brought, where, in light of the failure to resolve the matter on the charge filed with the EEOC by the named plaintiff, another filing would be a futile formality. The rule in *Oatis* would not apply to an individual whose claim would not have been a proper matter for EEOC or Court action at the time the class action was brought.

■ Even in a class action, then, where the discrimination alleged is not a continuing act, this Court would require all prospective intervenors to allege the date on which the alleged discriminatory act occurred, the date on which they filed charges with the EEOC, if any, and the EEOC disposition of the matter. Fed.R.Civ.P. 8(a) (1). *Accord* Hall v. Werthan Bag Corp., *supra*; Bowe v. Colgate-Palmolive Co., 272 F.Supp. 332 (S.D.Ind.1967). *See, also,* C. Wright, Federal Courts § 72 (1963 ed.); Alfon-

so v. Hillsborough County Aviation Authority, 308 F.2d 724 (5th Cir. 1962); Steele v. Guaranty Trust Co. of New York, 164 F.2d 387 (2d Cir. 1947). *Contra,* Shipley v. Pittsburgh & L. E. R. Co., 70 F.Supp. 870 (W.D.Pa.1947).

■ As previously stated this Court does not find this case to be a proper class action and the discrimination complained of here is not continuing. Therefore it is clear that the intervenors are required to establish jurisdiction on an individual basis. *See* Cox v. United States Gypsum Co., 284 F.Supp. 74 (N.D. Ind.1968) reversed in part on the ground that the discriminatory acts were continuing, 60 LC ¶ 9230 (7th Cir. April 9, 1969). This is consistent with the general rule that for permissive intervention, the intervenors must establish independent grounds for jurisdiction. Hunt Tool Co. v. Moore, Inc., 212 F.2d 685, 688 (5th Cir. 1954); Isbrandtsen Co., Inc. v. S. S. Kokoh Maru, 263 F. Supp. 784 (S.D.N.Y.1966). *See also* Wright, *supra,* § 75; 4 Moore's Federal Practice ¶ 24.18.

It is ordered that the motion to dismiss is denied.

It is further ordered that the motion to strike is granted.

It is further ordered that the motion to intervene is granted on the condition that the intervenors file a complaint stating, in addition to the allegations in the complaint lodged on March 28, 1969, the date of discharge, the date on which a charge was filed with the EEOC and any action taken by the EEOC.

It is further ordered that the Clerk of the Court shall serve copies of this Memorandum and Order, by United States mail, upon the attorneys of record for the parties appearing in this cause.

### ORDER TO STAY PROCEEDING

Plaintiff alleges that he was discriminatorily discharged by defendant on May 19, 1967. He properly filed a charge with the Equal Employment Opportunity Commission (hereinafter referred to as the EEOC), which forwarded the charge to the California Fair Employment Practices Commission and deferred action on the matter, pursuant to 42 U.S.C. § 2000e–5(b). The California Fair Employment Practices Commission found no cause for the charge, and the EEOC was requested to assume active jurisdiction. The EEOC did not investigate or consult with defendant on this matter. Pursuant to plaintiff's request, the EEOC notified him on February 13, 1968 by a form letter that efforts to resolve the matter by voluntary compliance had failed. Plaintiff then filed his complaint in this action.

The Court questioned counsel for plaintiff and counsel for the EEOC, appearing as *amicus curiae,* to find out why the EEOC had not investigated or attempted to resolve the matter before this action was brought. Counsel informed the Court that they felt it necessary to file a complaint in this action before the EEOC had been given sufficient time to deal with the matter because of the decision in Cunningham v. Litton Industries, 56 LC ¶ 9078, 66 LLRM 2697 (C.D.Cal.1967). In *Cunningham,* the Court held that it had no jurisdiction to hear a case where the complaint was filed more than 180 days after the alleged act of discrimination occurred.

The decision in *Cunningham* is presently on appeal. There is authority to the contrary. *E. g.,* Kendrick v. American Bakery Co., 58 LC ¶ 9146 (D.C. Ga. July 29, 1968); Dent v. St. Louis-San Francisco Ry. Co., 265 F.Supp. 56 (N.D.Ala.1967), reversed on other grounds 406 F.2d 399 (5th Cir. 1969); Choate v. Caterpiller Tractor Co., 402 F.2d 357 (7th Cir. 1968). The EEOC therefore had insufficient time to attempt voluntary conciliation of this matter because of the strict time limitation prevailing in this District under *Cunningham.*[*]

■ It is well established that the mere fact that the EEOC has not taken

---

[*] Cunningham was reversed by the Ninth Circuit on June 30, 1969, 413 F.2d 887.

any steps to achieve voluntary conciliation does not prevent a United States District Court from obtaining jurisdiction. *See, e. g.,* Johnson v. Seaboard Air Line R. Co., 405 F.2d 645 (4th Cir. 1968); Dent v. St. Louis-San Francisco Ry. Co., 406 F.2d 399 (5th Cir. 1969); Choate v. Caterpiller Tractor Co., *supra.* This does not mean, however, that the Court must necessarily proceed to adjudicate the issues.

 In enacting the Civil Rights Act of 1964, Congress intended that the EEOC was to be given the opportunity to achieve informal voluntary conciliation before claims of discrimination would be brought to the courts for adversary proceedings. The courts were to be used only after informal methods had failed. *See* Stebbins v. Nationwide Mutual Insurance Co., 382 F.2d 267 (4th Cir.1967). If the EEOC has not been given a realistic opportunity to deal with the matter, the prime remedial mechanism of the Act has been rendered inoperative.

Failure by the EEOC to attempt voluntary conciliation does not prevent an aggrieved party from seeking relief in the courts. But where time constraints have prevented the EEOC from exercising its statutory function, and where it does not appear that action by the EEOC will be futile, it is consistent with Congressional intent and in furtherance of the interests of all concerned, to stay court proceedings for a short time in order to permit the EEOC to attempt to achieve an amicable resolution of this matter. 42 U.S.C. § 2000e–5(e); Johnson v. Louisiana State Employment Service, 301 F.Supp. 675 (W.D.La. December 21, 1968).

It is ordered that further proceedings in this action shall be suspended for a period of sixty (60) days from this date, during which time the plaintiff and the defendant shall attempt to achieve voluntary conciliation of the issues herein, through the facilities and assistance of the Equal Employment Opportunity Commission.

It is further ordered that the Clerk of the Court shall serve copies of this Order, by United States mail, upon the attorneys of record for the parties appearing in this cause.