### Albert MULLER
#### v.
### CURTIS PUBLISHING COMPANY.
### Civ. A. No. 71–2497.

United States District Court,
E. D. Pennsylvania.
Jan. 4, 1973.

Kalvin Kahn, Philadelphia, Pa., for plaintiff.

John H. Lewis, Jr., Philadelphia, Pa., for defendant.

## OPINION

LUONGO, District Judge.

Plaintiff, Albert Muller, instituted this suit against his former employer, Curtis Publishing Company (Curtis), seeking damages for violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. The suit purports to be a class action, brought on behalf "of all males included in The Curtis Publishing Company Pension Plan and Trust . . . who have been and continue to be or might be adversely affected by the practices complained of herein." (Complaint, par. 2) The matter is before the court on plaintiff's motion, under Rule 23(c)(1) F.R.C.P.,[1] for an order to determine whether this suit may be maintained as a class action.

## BACKGROUND

Plaintiff's complaint arises from certain provisions of the Curtis Pension Plan which permit female employees with 15 years of service to retire with full pension benefits at age 55, while male employees with the same length of service are not eligible for such benefits until age 60. Plaintiff, Muller, and three other male employees filed complaints with the Equal Employment Opportunity Commission (EEOC) on May 27, 1969, charging Curtis with discrimination on the ground of sex. In the meantime, Curtis, having experienced serious financial reverses, discontinued operations. Disputes arose between Curtis and various unions representing Curtis employees concerning the employees' rights in the Pension Plans. On Octo-

---

1. "Rule 23. Class Actions

\* \* \* \* \*

(c) Determination by Order Whether Class Action to be Maintained; Notice; Judgment; Actions Conducted Partially as Class Actions.

(1) As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained. An order under this subdivision may be conditional, and may be altered or amended before the decision on the merits."

ber 26, 1969, a suit in equity on behalf of a class consisting of all Curtis employees as of November 8, 1969, was instituted in the Court of Common Pleas of Philadelphia County [2] seeking termination of the Pension Plan and distribution of the assets. From the record before me it does not appear that any Curtis employee, including Muller, elected to be excluded from membership in that class. After notice and hearing, the Court of Common Pleas, on November 29, 1969, entered an Order approving a compromise agreement between Curtis and its employees setting out the employees' rights in the distribution of the assets of the Pension Plan. The order required the Trustees of the Plan to purchase annuity policies "for all employees of Curtis as of November 8, 1968," and provided further that:

"Upon purchase and delivery of the annuity policies as aforesaid to plaintiffs and their class, no member of the class shall have any right or claim to any further benefits under the Pension Plan, or any right, title, or interest of any kind in any remaining funds held by Trustees or by Curtis."

and

"Upon purchase and delivery of the annuity policies as aforesaid to plaintiffs and their class, Curtis shall have no further obligation to provide any pension benefits or make any contributions towards such benefits except as set forth herein."

(Court of Common Pleas Order Approving Compromise Settlement at pages 1 and 4)

Thereafter distribution was made in accordance with the order of the Court of Common Pleas except that plaintiff and the three co-workers who had filed complaints with the EEOC elected not to accept delivery of the benefits called for in the order. The Pension Plan was formally terminated on September 1, 1970.

As for the proceedings instituted before the EEOC, on or about October 26, 1970, plaintiff and the three co-workers who had filed complaints entered into and signed a Pre-Decision Settlement Agreement [3] with Curtis. The three co-workers consummated the settlement agreement and signed releases of their claims against Curtis, but Muller failed to do so, refusing to sign the release or to cash the check for the $6,349.95 payment contemplated by the agreement. Thereafter, the EEOC continued to process the Muller complaint and, upon Muller's request, issued a "Right to Sue" letter [4] on October 6, 1971. Plaintiff instituted this suit on October 15, 1971. On December 27, 1971, the EEOC entered its decision finding reasonable cause existed to believe that Curtis "engaged and is engaging in an unlawful employment practice in violation of Title VII of the Civil Rights Act of 1964 by maintaining a retirement policy which discriminates against Charging Party and males as a class because of their sex."

## DISCUSSION

A class action under Rule 23 may be maintained only if all of the prerequisites of subdivision (a) of the Rule are satisfied and, in addition, the action complies with at least one of the condi-

2. Charles Raday, et al. v. Curtis Publishing Co., et al., C.P.Phila., October Term, 1969, No. 2517.

3. Pursuant to regulations promulgated by the EEOC. 29 C.F.R. § 1601 et seq.

4. § 2000e–5(e) provides, in pertinent part, as follows:
"If within thirty days after a charge is filed with the Commission . . . ., the Commission has been unable to obtain voluntary compliance with this subchapter, the Commission shall so notify the person aggrieved and a civil action may, within thirty days thereafter, be brought against the respondent named in the charge (1) by the person claiming to to aggrieved . . . . ."

tions listed in subdivision (b). The prerequisites of a class action are:

"One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." (Rule 23(a))

■ It is plaintiff's burden to establish his right to maintain a class action. Philadelphia Electric Co. v. Anaconda Brass Co., 43 F.R.D. 452, 457 (E.D.Pa. 1968). Rule 45 of the Local Rules of Civil Procedure of this district requires specific allegations relating to class actions and provides, in part:

"Rule 45. Class Actions.

\* \* \* \* \* \*

(b) The complaint shall contain . . .

(1) A reference to the portion or portions of Rule 23, F.R. Civ.P., under which it is claimed that the suit is properly maintainable as a class action.

(2) Appropriate allegations thought to justify such claim, including, but not necessarily limited to:

A. the size (or approximate size) and definition of the alleged class,

B. the basis upon which the plaintiff . . . claims

(i) to be an adequate representative of the class, . . .

C. the alleged questions of law and fact claimed to be common to the class, and

D. in actions claimed to be maintainable under subdivision

(b)(3) of Rule 23, F.R.Civ.P., allegations thought to support the findings required by that subdivision."

Plaintiff has made no attempt to comply with the requirements of Local Rule 45 notwithstanding that counsel's attention was specifically directed to the Rule by the court. Plaintiff has contented himself, instead, with very general class action allegations in his complaint and the statement in his memorandum of law accompanying the motion for determination of a class action that "Muller is a typical male member of the class who will 'fairly and adequately protect the interests of the class' (indeed he is a most zealous member as regards the subject claim) . . . ." (Plaintiff's Memorandum of Law, p. 1)

■ It will not be necessary to consider whether plaintiff has satisfied parts (1), (2) and (4) of the prerequisites of Rule 23(a) because, in my view, he clearly fails to satisfy part (3). Muller's claim is not typical of the claims of the members of the alleged class. His claim is unique in that he is the only member of the alleged class who has not accepted the benefits of settlements arrived at between Curtis and its employees (either in the Common Pleas proceedings or before the EEOC), and who has not given a release to Curtis in one form or another. Thus, it is quite apparent that the claims of all male employees who have accepted the benefits and given releases are more vulnerable to the defenses of *res judicata* and estoppel than is the claim of Muller who has neither accepted the benefits nor given a release.

There is yet another ground on which Muller's claim is not typical of the claims of the members of the alleged class. Section 706(d) of the Civil Rights Act, 42 U.S.C. § 2000e–5(d) is a statute of limitations for claims under the Act and requires a charge to be filed within 90 days after the occurrence of the alleged unlawful employment prac-

tice. Only Muller (and the three others whose claims have since been settled and released) filed timely charges with the EEOC. Muller's claim is therefore clearly not time-barred, whereas the claims of the members of the alleged class who did not file charges before the EEOC would almost certainly be resisted on statute of limitations grounds. There is authority that the claims of those failing to file are barred, see Burney v. North American Rockwell Corp., 302 F.Supp. 86 (C.D.Cal.1969), but on the other hand there is authority that all members of an alleged class are entitled to the benefit of timely filing by one of the members of the alleged class. Miller v. International Paper Co., 408 F.2d 283 (5th Cir. 1969); Oatis v. Crown Zellerbach Corp., 398 F.2d 496 (5th Cir. 1968).

Because Muller's claim is not typical of the claims of the alleged class, he does not comply with all of the prerequisites of Rule 23(a) and his motion for declaration of a class action will be denied.

■ Even if Muller had been able to satisfy all the prerequisites of Rule 23(a), this action would not be maintainable as a class action because it does not comply with any of the conditions in Rule 23(b). Muller has made no claim that this action comes within subdivision (1) or (3) of 23(b), he claims only that it is maintainable under subdivision (2).

Rule 23(b)(2) provides:

"(b) Class Actions Maintainable. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

\*   \*   \*   \*   \*   \*

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; . . . ."

Plaintiff contends that this action comes within (b)(2) because Curtis has both acted and refused to act on class grounds in that it established and terminated the pension plan in a discriminatory manner. But this contention does not go nearly far enough. It ignores the requirement of (b)(2) as to the appropriateness of injunctive or declaratory relief. The importance of this latter requirement is emphasized in the Notes of the Advisory Committee accompanying Rule 23(b)(2) (Rule 23 F.R.C.P., 28 U.S.C.A., 1972 Pocket Part) commenting that:

"This subdivision is intended to reach situations where a party has taken action or refused to take action with respect to a class, and final relief of an injunctive nature or of a corresponding declaratory nature, settling the legality of the behavior with respect to the class as a whole, is appropriate . . . . The subdivision does not extend to cases in which the appropriate final relief relates exclusively or predominantly to money damages."

Plaintiff's complaint seeks only damages. His prayer for relief asks only that the court grant

"1. . . . an order requiring defendant to make whole all such individuals who have been adversely affected by the practices and policies hereof complained of.

"2. Plaintiff's attorney a reasonable attorney's fee within the meaning of Section 706(k) of the 'Civil Rights Act of 1964.'

"3. Punitive damages."

Plaintiff seeks neither injunctive nor declaratory relief. The reason is quite apparent. Curtis has ceased operations and the pension plan has been terminated. There is nothing on which injunctive or declaratory relief would have any effect. Under the circumstances this ac-

tion is not maintainable as a class action under Rule 23(b)(2).

Plaintiff's motion for declaration of a class action will be denied.