Carolyn **HAMMONS**, Plaintiff,

v.

**FOLGER COFFEE COMPANY et al., Defendants.**

No. 76–CV–0566–W–5.

United States District Court, W. D. Missouri, W. D.

July 1, 1980.

Gwendolyn M. Wells, Kansas City, Mo., for plaintiff.

J. R. Phillips, Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, Mo., for defendants.

## ORDER

### SCOTT O. WRIGHT, District Judge.

Plaintiff has moved for class certification pursuant to Rule 23(b)(2), Federal Rules of Civil Procedure. The defendant opposes this motion on the grounds that the requirements of Rule 23(a) have not been met. For the reasons stated below, plaintiff's motion for class certification is denied.

Discovery in this action has been completed, and because there is sufficient documentary evidence before the Court on the issue of class certification, a formal evidentiary hearing is not necessary. *Walker v. World Tire Corp., Inc.*, 563 F.2d 918 (8th Cir. 1977).

There are numerous reasons why class certification pursuant to Rule 23(b)(2) would be inappropriate in this action. In the interest of judicial time, only a few reasons will be discussed in detail. First, the Court seriously questions whether plaintiff has shown that the numerosity requirement has been met. Her statistics are vague and general, and defendant suggests in its brief that plaintiff's statistics were drawn to include employees from facilities of the defendant not here in question. Second, plaintiff purports to represent a class who has allegedly suffered wrongs that she obviously has not. Plaintiff, therefore, is not a member of the class she seeks to represent. *East Texas Motor Freight System, Inc. v. Rodriguez, et al.*, 431 U.S. 395, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977).

Third, the plaintiff cannot fully and fairly represent the class she has named because there are antagonisms and conflicts between the plaintiff and other members of the class. Plaintiff seeks to represent "all blacks and females who are or have been employed in defendant's Kansas City, Missouri facility in clerical positions who are or have been adversely affected by policies or practices based upon their race and/or sex." An attempt to represent all blacks and all females would place plaintiff in a position of inherent conflict. She would have to argue that defendant's policies discriminated against blacks and in favor of all whites, including white females. On the other hand, she would have to argue that defendant's policies discriminated against females and in favor of males, including black males. This Court can conceive of no situation where a single litigant could adequately represent both groups. *See Colston v. Maryland Cup Corp.*, 18 F.E.P. Cases 83 (D.Md.1978); *Droughn v. F.M.C. Corp.*, 74 F.R.D. 639 (E.D.Pa.1977).

From the testimony given in plaintiff's deposition, it is also apparent that she could not adequately represent either group. Part of her claim is based upon the allegation that white women were paid more than the black women. This conflict of interest disqualifies plaintiff from representing all females in clerical positions at defendant's plant. Nor may she represent all black clerical employees in defendant's plant. The testimony in plaintiff's deposition clearly reflects antagonisms between her and the other black employees. She felt that they thought of her as an "Uncle Tom" because she did not join in their card games and because of her dedication to her work. Furthermore, plaintiff claims that she was discriminated against because she was inadequately trained. Yet, the person whom she felt was the most inadequate trainer was a black female. Finally, plaintiff's claim that she was discriminated against on the basis of her race and sex because a black female was promoted over her epitomizes the conflicts and antagonisms between this plaintiff and the class

she seeks to represent.[1] In light of plaintiff's own testimony, this Court finds that she cannot adequately represent the interests of either black or female employees, and class certification is denied.

Besides not meeting all of the requirements of Rule 23(a), there are other reasons that would make class certification inappropriate in this instance. Plaintiff has made a claim for back pay. While this in and of itself does not preclude a class action, back pay is virtually the only relief available to the plaintiff and to the other proposed class members in this action. Injunctive and declaratory relief is moot here because the defendant's entire facility where the plaintiff was employed closed down in 1976. Therefore, injunctive relief would be futile, and a class action under Rule 23(b)(2) is inappropriate.[2] *Muller v. Curtis Publishing Co.*, 57 F.R.D. 532 (E.D. Pa.1973); *Baham v. Southern Bell Telephone & Telegraph Co.*, 55 F.R.D. 478 (W.D. La.1972); *see also*, 3B Moore's Federal Practice, § 23.40 (2d Ed. 1980).

Where final relief relates exclusively or predominantly to money damages, a class action is appropriately brought under Rule 23(b)(3). Plaintiff has not alleged that this class action is maintainable under Rule 23(b)(3), and from the record, this Court finds that a class action would not be appropriate under this section.

Accordingly, it is hereby

ORDERED that plaintiff's motion for class certification is denied. It is further

ORDERED that plaintiff's motion to sever the issue of liability from the issue of back pay is denied.

---

1. The Court takes this opportunity to admonish plaintiff's attorney that judicial time should not be wasted on such frivolous claims.

2. This is not a situation where injunctive relief became moot after class certification. Decertification of a class for this reason is inappropriate. *Arkansas Ed. Ass'n. v. Board of Ed. of Portland*, 446 F.2d 763 (8th Cir. 1971).