Richard **JOHNSON**, Jr.

v.

**GEORGIA HIGHWAY EXPRESS, INC.**

**Civ. A. No. 11598.**

United States District Court
N. D. Georgia,
Atlanta Division.

June 24, 1968.

Amended Order Oct. 8, 1968.

Howard Moore, Jr., Peter E. Rindskopf, Atlanta, Ga., Jack Greenberg, Leroy Clark, New York City, for plaintiff.

Wilson, Branch & Wilcox, Atlanta, Ga., for defendant.

## ORDER

EDENFIELD, District Judge.

This action is before the court on plaintiff's motion to strike the defendant's timely demand for a jury trial. The substance of plaintiff's contention is that the issues involved in this case

are essentially equitable in nature and not appropriate for trial by jury.

The facts are relatively simple as they stand at this point. The plaintiff, Johnson, was discharged by the defendant in March, 1966, allegedly "because of his race or color". Defendant contends the discharge was for a different cause: the unsatisfactory attendance record of the plaintiff. Johnson made a complaint to the Equal Employment Opportunity Commission pursuant to 42 U.S.C.A. § 2000e et seq., and followed the administrative remedies prescribed by law, apparently without gaining any relief. This action was brought within the requisite time allowed, seeking back pay for the difference between his present (lower) wages and what he had been making while employed by the defendant.

In addition, plaintiff alleges that he is representative of the class of "Negroes seeking equal employment opportunities without discrimination on the grounds of race or color who are so numerous as to make it impracticable to bring them all before this Court" and that "common relief is sought". In this role he seeks injunctive relief against the defendant's alleged "denying, abridging, withholding, conditioning, limiting, or otherwise interfering with the right of plaintiff to employment on the basis of race or color". He further asks for himself and his class an injunction against discriminatory job assignments and the operation of certain un-named company-maintained facilities on the basis of race or color.

Defendant's answer includes a motion to dismiss on the grounds that, first, the action is not a proper class action in that the interests of the class are too disparate for proper joinder in this manner, and second, that the other members of the class have not exhausted their administrative remedies, pursuant to 42 U.S.C. § 2000e–5(e). These questions are fundamental to the question of jury trial and must be resolved first.

Rule 23, of the Federal Rules of Civil Procedure, as completely revised in 1966, governs class actions such as this purports to be. It provides four preliminary conditions for maintaining a class action:

(1) The class is so numerous that joinder of all members is impracticable,

(2) There are questions of law or fact common to the class,

(3) The claims or defenses of the representative parties are typical of the claims or defenses of the class, and

(4) The representative parties will fairly and adequately protect the interests of the class.

One of the problems presented by the case is that plaintiff has nowhere identified in clear, precise language the exact class he seeks to represent. By deduction from an analysis of his complaint and particularly of the remedies sought therein, however, the class is seemingly that of "all persons who have been wrongfully discharged by, or are presently employed by, or who may seek employment with the defendant, and who may be discriminated against in the process because of their race or color." By any rational construction of the preliminary requirements of Rule 23, this is not a proper group for a class action, as it includes far too many different interests and questions of law or fact for this plaintiff or any combination of plaintiffs to effectively assert in any manageable litigation. This plaintiff's proper class is only that of "all persons wrongfully discharged for reason of their race or color".

There is no indication whatsoever that he has standing himself at this time to effectively represent the rights of either potential job applicants or of present employees. Even if his com-

**330**

plaint were amended to attempt to give him standing as an applicant, it seems obvious that the critical fact question as to this plaintiff would be his alleged unsuitability because of his previous employment record with the defendant, and this fact would not be present as to other applicants. (Indeed, the complaint's allegation that, of 600 employees at the Atlanta terminal, 225 are Negroes, suggests that such discrimination as is alleged in initial employment must be of a highly selective variety, and that there is obviously no such sweeping discrimination against all Negroes as would be most appropriate for a proper class action. Likewise, the fact that 225 Negroes are still employed, and that the plaintiff alone was discharged, suggests that "race and color" alone was not the sole factor in the discharge as is alleged. This internal inconsistency, however, is not of such a character as would justify dismissing the complaint.) Before this action, therefore, could be transformed into a class action, and injunctive relief considered for the class, a preliminary fact would have to be determined, viz.: whether the defendant wrongfully discharged the plaintiff for racial or any other reasons and whether plaintiff would be entitled to be viewed as any other applicant in the event he should apply for re-employment. Of course, the other prerequisites of a proper class action would have to be met, and the court reaches no conclusion as to whether the class of "potential applicants" is a proper one under Rule 23 in light of the facts in this case as they now stand.

■ Similar reasoning applies to the plaintiff's claim to represent all of the present Negro employees. Neither a discharged ex-employee nor a (potential) applicant may effectively assert or represent rights which only grow out of a present employment relationship. This would apply, whether the facts are those which would be common to a group of employees, such as the use of company facilities, or those in which individual factors might be predominant, such as internal promotions and job assignments. Again, the court makes no prejudgment as to the propriety of dealing with either of these areas in a properly represented class action under the facts now in the record in this case.

In summary, therefore, it appears that there is no proper class action under Rule 23 before the court, and thus the question of whether a class action of any form is possible when the other members of the class have not exhausted their administrative remedies under the Civil Rights Act is not reached.

■ Turning to the question of whether defendant is entitled to a jury trial on the remaining questions in the case, that problem must be settled by the issue that has been properly joined at this time. The court cannot forecast what plaintiff *might* plead or allege. All that is present at this time is a claim for back wages (in some amount which has not yet been demanded), growing out of an alleged wrongful discharge. If any equitable relief is sought for this individual plaintiff, which is questionable under the pleadings as they stand, it would merely be an injunction against discriminating by reason of race or color in considering plaintiff as a new applicant for employment. As noted, whether this plaintiff would have any standing to assert such a claim would depend, in the first instance, on the outcome of his claim that he was wrongfully discharged; only if he had been wrongfully discharged could he have standing to assert the rights of all applicants. This equitable relief is incidental to and wholly dependent on the legal issues presented, which are in reality nothing but a contract claim.

Such a contract claim is, of course, one which the defendant is entitled to have a jury decide. The Civil Rights

Act, 42 U.S.C. § 2000e–5(f), merely confers jurisdiction on the District Courts to hear actions brought under the Act. The Act makes the allegation as to the employer's motive the crux on which jurisdiction hangs; however, the action is still, in its origin, one for breach of an employment contract, and as such is clearly within the jury trial guarantee of the Seventh Amendment. See, generally: Simler v. Conner, 372 U.S. 221, 83 S.Ct. 609, 9 L.Ed.2d 691 (1963); Dairy Queen, Inc. v. Wood, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962); Cherokee Laboratories, Inc. v. Rotary Drilling Services, Inc., 383 F.2d 97 (5th Cir., 1967); Klein v. Shell Oil Co., 386 F.2d 659 (8th Cir., 1967); Simmons v. Avisco, Local 713, Textile Workers Union of America, 350 F.2d 1012 (4th Cir., 1965); Swofford v. B. & W. Inc., 336 F.2d 406 (5th Cir., 1964); Thermo-Stitch, Inc. v. Chemi-Cord Processing Corp., 294 F.2d 486 (5th Cir., 1961); and Wirtz v. Thompson Packers, Inc., 224 F.Supp. 960 (E.D.La., 1963).

The motion to strike the jury demand is denied.

## AMENDED ORDER

Following the order of this court entered on June 24, 1968, plaintiff has filed a motion asking, in the alternative, that the court either amend its order to permit plaintiff to proceed by a class action or that the order be amended so as to permit an interlocutory appeal.

The application to have the court amend its order to allow the action to proceed as a class action is denied for the reasons stated in the original order.

■ The motion to permit an interlocutory appeal is granted inasmuch as the order involves (as to the maintenance of class actions) a controlling question of law as to which there is substantial ground for difference of opinion. The court finds that an immediate appeal from the order may materially advance the ultimate termination of this litigation.