NORWALK CORE, a/k/a Norwalk Chapter of the Congress of Racial Equality and Roodner Court Fair Rent Association, etc., et al., Plaintiffs,

v.

NORWALK BOARD OF EDUCATION, a/k/a the Board of Education of the City of Norwalk, Connecticut, Defendant.

Civ. No. 12624.

United States District Court
D. Connecticut.

Oct. 28, 1968.

See also D.C., 298 F.Supp. 203, 208, 213.

Jonathan W. Lubell, New York City, and Stephen L. Fine, Westport, Conn., for plaintiffs.

Robert H. Rubin and John T. Redway, Corp. Counsel, South Norwalk, Conn., for defendant.

## CLASS ACTION ORDER

TIMBERS, Chief Judge.

Plaintiffs, by their amended complaint, having alleged that plaintiff Timothy Blunt, by his parents, natural guardians and next friends, William Blunt and Dollie Blunt, has brought this action on behalf of himself and all other Black public elementary school students in the City who do not attend a neighborhood school and for whom the privilege and right of a neighborhood school would exist but for the action of defendant in denying them that privilege and right, and having further alleged that plaintiff Nicholas Hernandez, by his parents, natural guardians and next friends, Antonio Hernandez and Lucy Hernandez, has brought this action on behalf of himself and all other Puerto Rican public elementary school students in the City who do not attend a neighborhood school and for whom the privilege and right of a neighborhood school would exist but for the action of defendant in denying them that privilege and right; and

Defendant Board of Education having stipulated to the facts that plaintiffs Timothy Blunt and Nicholas Hernandez are being transported to elementary schools in school districts in which they do not reside, and that the elementary school in their district is closed to elementary education; and

The Court having heard evidence on the merits of plaintiffs' claims in a consolidated hearing held pursuant to Rule 65(a) (2) of the Federal Rules of Civil Procedure, and plaintiffs having rested; and

The Court having heard counsel for plaintiffs and counsel for defendant on the question of whether this action can be maintained as a class action; and

After due deliberation, the Court having found that plaintiffs Blunt and Hernandez have met each of the four prerequisites of Rule 23(a) of the Federal Rules of Civil Procedure, and that the action comes within Rule 23(b)(2) of the Federal Rules of Civil Procedure; it is

ORDERED, pursuant to Rule 23(c) (1) of the Federal Rules of Civil Procedure, that plaintiffs' action may be maintained and hereby is recognized as being maintained as a class action, Rule 23(b) (2) of the Federal Rules of Civil Procedure, on behalf of a class comprised of plaintiff Blunt and all other Black public elementary school students in the City who do not attend a neighborhood school and for whom a neighborhood school would exist but for the action of defendant in denying them a neighborhood school, and on behalf of a class comprised of plaintiff Hernandez and all other Puerto Rican public elementary school students in the City who do not attend a neighborhood school and for whom a neighborhood school would exist but for the action of defendant in denying them a neighborhood school; and it is

FURTHER ORDERED, that there be mailed to all members of the said classes, in the native language or languages of the members of the said classes, copies of the attached "NOTICE OF PENDENCY OF CLASS ACTION", dated October 28, 1968, which notice has been approved by the undersigned Chief Judge of this Court; and it is

FURTHER ORDERED, that defendant furnish plaintiffs' counsel with an accurate and current list of the names and addresses of all members of the classes, and that plaintiffs mail the notice to all members under the supervision of the Clerk of this Court, or, in the alternative, that defendant file with this Court a copy of the said list, and that defendant mail

such notice under the supervision of the Clerk of this Court; and it is

FURTHER ORDERED, that the costs of preparing the notice, its mailing and any other reasonable and necessary expenses incurred in connection therewith, will be borne by plaintiffs in the first instance, such costs and expenses to be taxable as costs to abide the event of judgment to be entered herein.

## NOTICE OF PENDENCY OF CLASS ACTION

TO: ALL BLACK AND PUERTO RICAN PUBLIC ELEMENTARY SCHOOL CHILDREN OF THE CITY OF NORWALK WHO ATTEND A SCHOOL IN A DISTRICT IN WHICH THEY DO NOT RESIDE:

PLEASE TAKE NOTICE that, pursuant to an order of the above Court dated October 28, 1968 issued under Rule 23(c)(2) of the Federal Rules of Civil Procedure, notice is hereby given that an action has been commenced in the above Court by the above-named plaintiffs against the above-named defendant to declare unconstitutional the policy and practice of the defendant in denying only Black and Puerto Rican public elementary school children an integrated neighborhood school while at the same time establishing and maintaining for all white public elementary school children such schools; and

That the action was commenced on or about June 27, 1968 by service of summons and complaint upon defendant and thereafter the matter came on for hearing before the above Court on September 26 and 27, and October 17, 18 and 28, 1968; and

That the Court by an order filed September 4, 1968 has denied plaintiffs' request for a temporary restraining order to prevent the closing of the Nathaniel Ely School pending the outcome of this action; and

That the Court by an order filed September 17, 1968 has denied an application by certain Black and Puerto Rican citizens to intervene as defendants in the present action; and

That plaintiffs and defendant have concluded the presentation of their respective cases, subject to the filing of briefs as ordered by the Court; and

That the Court has determined by its order of October 28, 1968 that Timothy Blunt represents in this action all of the Black public elementary school students of the City of Norwalk who attend a school in a district in which they do not reside and that Nicholas Hernandez represents in this action all of the Puerto Rican public elementary school students of the City of Norwalk who attend a school in a district in which they do not reside; and

This notice is to advise you of the pendency of this action and to provide you with an opportunity, if you so desire, to show cause (to come before this Court and demonstrate) why this action should not continue as a class action in which your interests will be fairly and adequately represented by the existing parties. Accordingly,

NOTICE IS HEREBY GIVEN that:

1. Unless the Court receives a written communication from you on or before November 15, 1968, the Court will assume that you do not object to being represented by one of the existing parties to this proceeding and their counsel. Thus, those who do not object will continue to be represented by counsel already participating on behalf of their class. Any communications with the Court as hereinafter specified should be addressed to Gilbert C. Earl, Clerk, United States District Court, District of Connecticut, Federal Building, New Haven, Connecticut, 06505.

2. Those persons to whom this notice is sent and who believe that their interests in the subject matter of this action are or may be different from other Black or Puerto Rican children similarly situated or who believe that their interests are not being fairly and adequately represented by counsel for their class should advise this Court by written communica-

tion (mailing copies to each of the counsel noted above) on or before November 15, 1968. Those who so advise the Court may, if they wish, appear in person or by counsel at a hearing to be held by this Court in New Haven, Connecticut, at 10:00 a. m. on November 22, 1968 at the United States District Court, Federal Building, New Haven, Connecticut, to show cause as to the precise manner in which their interests are or may be different from others similarly situated or in which their interests are not being fairly and adequately represented by existing counsel.

3. To facilitate a full and ample opportunity for all recipients of this notice who so desire, to familiarize themselves with the proceedings to date, the complete record of such proceedings has been deposited in the Office of the Clerk of the United States District Court, located in the Federal Building, New Haven, Connecticut. This record is available for public inspection during normal business hours.

4. Bearing in mind that the sole and limited purpose of the above-noticed hearing is to consider and receive evidence regarding any claims of differing interests within the respective classes or any claims with respect to the fairness and adequacy of the existing representation, and in order to prevent undue delay, the following procedures will be observed by this Court. First, any recipient of this notice wishing to be heard on the above issues and notifying this Court within the time set forth above, should be prepared to submit probative evidence or testimony under oath at the hearing, subject to cross-examination, to support his claim. While the Court has indicated a willingness to receive solely written communications, it is not prepared, in the absence of unusual and compelling circumstances, to weigh such communications heavily in the absence of the above submission at the hearing. Second, with the concurrence of this Court, the existing parties to this proceeding have agreed that counsel for all parties will be pres-

ent at the hearing and will be available for questioning by the Court upon good cause shown. Third, by written request to this Court on or before November 12, 1968, with service upon all interested parties, any person receiving this notice may request the availability of additional witnesses at the hearing pursuant to the Federal Rules of Civil Procedure, provided good cause is demonstrated therefor. After opportunity for objection by any interested party, the Court will determine whether or not the presence of such witnesses is required. Fourth, since the need for expedition in this case has already been established, the Court will not permit any unreasonable delay in these proceedings nor any action by any party or his counsel which the Court believes is intended to promote such delay.

5. No recipient of this notice is required to take any action in the event he is satisfied to have his interest in the present action determined through one or more of the existing parties and their counsel in this action.