James **HYATT**, Plaintiff,

v.

**UNITED AIRCRAFT CORPORATION, SIKORSKY AIRCRAFT DIVISION, Defendant.**

**Civ. No. 13548.**

United States District Court,
D. Connecticut.

June 11, 1970.

Donald R. Holtman, of Kiefer & Holtman, Simsbury, Conn., and Emanuel N. Psarakis, of Rome & Case, Bloomfield, Conn., for plaintiff.

S. Robert Jelley, of Wiggin & Dana, New Haven, Conn., for defendant.

G. Maxine Bethel, Atty., Washington, D.C. (Stanley P. Hebert, Gen. Counsel, Russell Specter, Deputy Gen. Counsel, David Cashden, Atty., Washington, D.C., on the brief) for Equal Employment Opportunity Commission, amicus curiae.

TIMBERS, Chief Judge.

### QUESTION PRESENTED

In this action brought by plaintiff purportedly as a class action, Rule 23(b)(2), Fed.R.Civ.P., seeking declaratory and injunctive relief plus damages, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(f) (1964),[1] with respect to terms and conditions of employment of plaintiff and the class he purports to represent at defendant's plant at Stratford, Connecticut, defendant has applied to the Court for a determination, Rule 23(c)(1), Fed.R.Civ.P., as to whether this action may be maintained as a class action.

For the reasons stated below, the Court holds, on the present state of the record, that the action may not be maintained as a class action.

### FACTS

Plaintiff's complaint, filed in this Court on November 19, 1969, alleges that the action is brought on his own behalf and on behalf of a class "composed of Negro persons who are employed, or have heretofore been employed, or might hereafter be employed" at the Stratford plant of the Sikorsky Aircraft Division of United Aircraft Corporation (defendant).

The complaint alleges in broad, sweeping terms—absent any specification whatsoever—that plaintiff and members of the class he purports to represent have been discriminated against by defendant "because of race or color with respect to compensation, terms, promotions, conditions and privileges of employment" and in "limiting, segregating and classifying employees of Defendant Sikorsky in ways which deprive Plaintiff and other Negro persons in this class of equal employment and promotion opportunities, and otherwise adversely affect their status as employees because of race and color."

Plaintiff, James Hyatt, is not now employed by defendant; he was not employed by defendant at the time this action was commenced; and he has not been employed by defendant since his voluntary resignation on March 1, 1968 —more than two years ago and more

1. Jurisdiction also is invoked pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02 (1964), which does not furnish an independent basis of jurisdiction. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671–72 (1950) ; 6A Moore's Federal Practice ¶ 57.32, at 3136 (2d ed. 1966). And it is doubtful that the Civil Rights Act of 1866, 42 U.S.C. § 1981 (1964), also invoked by plaintiff, furnishes an independent basis of jurisdiction. Smith v. North American Rockwell Corp., 50 F.R.D. 515 (N.D.Okla.1970).

than a year and a half before this action was brought.

## APPLICATION OF CLASS ACTION RULE

Plaintiff invokes as the basis of his class action claim Rule 23(b)(2) which provides:

"(b) *Class Actions Maintainable.* An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

\* \* \* \* \* \*

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole;"

The "prerequisites of subdivision (a)" referred to above are those of Rule 23(a) which provides:

"(a) *Prerequisites to a Class Action.* One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."

Each of these four prerequisites to a class action will be briefly considered in its application to the instant action.

(1) *Numerosity Prerequisite (Rule 23(a) (1))*

■ Concededly this prerequisite is met. The alleged class of past, present and future Negro employees at defendant's Stratford plant is so numerous that joinder of all members would be impracticable.

(4) *Fair And Adequate Protection Of Interests Of. Class Prerequisite (Rule 23(a) (4))*

■ This prerequisite, although the last listed, is considered at this point because, in the Court's view, plaintiff's failure to comply with this prerequisite is so clear as to be alone dispositive of the instant application.

It should hardly require more than .reference to the admitted fact that plaintiff has not been in defendant's employ for more than two years to establish that he cannot fairly and adequately protect the interests of the class he purports to represent which includes Negroes presently employed, those who have been employed during the two year interval since plaintiff's voluntary resignation on March 1, 1968, as well as those hereafter to be employed. Having had no contact with defendant for more than two years, he has no personal knowledge of defendant's policies during that period or at the present time. In short, whatever might be his capacity to represent Negroes employed prior to his resignation, he certainly cannot be said to be in a position fairly and adequately to protect the interests of the *entire* class he purports to represent. Burney v. North American Rockwell Corp., 302 F.Supp. 86, 90 (C.D.Cal.1969); see Smith v. North American Rockwell Corp., *supra* note 1.

In *Burney,* where plaintiff claimed he had been discriminatorily discharged, Judge Pregerson of the Central District of California held that he could not fairly and adequately protect the interests of a class which included Negro employees of defendant during the two year period prior to his discharge:

"Plaintiff does not have standing to represent the interests of all Negro employees of defendant since July 2, 1965. In order to obtain relief for himself, plaintiff need not necessarily prove every act of alleged discrimination against Negroes that defendant may have committed since 1965. The

Court cannot assume, for example, that plaintiff will fairly and adequately represent the interests of other Negroes who were discriminated against in such areas as job assignments, overtime, or vacations. Nor can it be expected that plaintiff, who has not been employed by defendant in the past two years, will fairly and adequately represent the interests of current employees as to all alleged discrimination practiced by defendant within the broad scope of 'work rules, company rules, regulations, and the terms and conditions of employment.' " 302 F.Supp. at 90.[2]

The Court in the instant case concludes that plaintiff cannot fairly and adequately protect the interests of the entire class he purports to represent. Thus, that prerequisite to the maintenance of a class action specified in Rule 23(a)(4) has not been satisfied.

Having decided this issue in this manner, normally it would be unnecessary for the Court to determine whether prerequisites (2) and (3) of Rule 23(a) have been satisfied. Since the parties have discussed these issues in their briefs and particularly since prerequisites (2) and (3) to some extent are directly related to prerequisite (4), the Court will briefly discuss prerequisites (2) and (3) in their application to the instant case.

(2) *Common Questions of Law And Fact Prerequisite (Rule 23(a) (2))*

■ In order to determine whether there are questions of law or fact common to the class which plaintiff seeks to represent, normally the Court would look at the complaint to make that determination. Here, as indicated above, the complaint is couched in such broad, sweeping terms [3] that it would be utterly impossible to determine whether there are questions of law or fact common, for example, (a) to those Negro persons now employed, (b) to those heretofore employed, and (c) to those hereafter to be employed. Certainly there are no allegations in the complaint specifying questions of law or fact claimed to be common to the class.

■ Plaintiff's brief and that of the EEOC refer to an administrative finding by the EEOC that defendant failed to promote plaintiff because of his race to the job of "Working Leader Touch Up Painter—Labor Grade 6", for which he was the most qualified with the highest seniority; and that he worked on highly skilled jobs outside his job classification without being paid the same wages as whites performing the same work.[4]

2. One of a number of cases cited in *Burney* was Johnson v. Georgia Highway Express, Inc., 47 F.R.D. 327 (N.D.Ga.1968), which later was reversed by the Fifth Circuit, 417 F.2d 1122 (5 Cir. 1969). This does not impair the precedential value of *Burney* so far as this Court is concerned. *Johnson* does not control this Court, see p. 248, *infra*, any more than does *Burney*. It is the soundness of the reasoning of *Burney* for which it is here cited.

3. The allegations of the complaint amount to a paraphrasing of the statutory language. 42 U.S.C. § 2000e–2(a) (1964). Aside from the absence of any specification of questions of law or fact claimed to be common to the class, it is doubt-

ful that the complaint complies with the requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief", Rule 8(a) (2), Fed.R.Civ.P., so far as the members of the class other than plaintiff are concerned.

4. The Court agrees with defendant that the EEOC's administrative proceedings and determination are irrelevant for any purpose other than establishing the jurisdictional basis for this action. 42 U.S.C. § 2000e–5(a)–(e) (1964); Roberson v. Great American Ins. Co., 71 LRRM 2706, 2719–20 (N.D.Ga.1969); Hart v. Buckeye Industries, Inc., 46 F.R.D. 61, 62–3 (S.D.Ga.1968); King v. Georgia Power Company, 295 F.Supp.

Aside from the fact that the Court would have to look outside of the pleadings for this specification of *plaintiff's* grievance, it points up the conspicuous absence of similar specification of grievances by *other members of the class,* and hence the absence of any basis for determining the existence of questions of law or fact common to the class.

Assuming arguendo that plaintiff could be said to have alleged, as to him, discrimination in promotion and compensation, there is a total absence of specification of such discrimination as to other members of the class. Such omnibus assertions as ". . . this suit seeks to assert a question of fact common to the members of their class—racial discrimination" (Plaintiff's Brief, 5) and ". . . the basis for the alleged discrimination is race, and, therefore, all Negroes who are or may be subject to the practice are entitled to seek relief" (EEOC Brief, 4) are wholly insufficient to satisfy the prerequisite of Rule 23(a)(2) that there be questions of law or fact common to the class.

(3) *Claims Of Representative Typical Of Claims Of Class Prerequisite (Rule 23(a) (3))*

 From the foregoing discussion, it is abundantly clear that plaintiff's claim, viewed in the most favorable light permitted by the papers presently before the Court, is not typical of the claims of the class.

In the first place, plaintiff's voluntary resignation from defendant's employment more than two years ago would appear to differentiate his claim in significant respects from those of other members of the class. For aught that appears, plaintiff is the *only* member of the alleged class who voluntarily resigned.

Secondly, plaintiff's claim appears to be one for damages limited to back pay based on past alleged discrimination. Other members of the class seek declaratory and injunctive relief plus damages to compensate for back pay based on past and present alleged discrimination.

 The only claim asserted by plaintiff which appears to be typical of the class is a claim for a reasonable attorney's fee—hardly adequate to satisfy the prerequisite of Rule 23(a) (3).

*Appropriateness Of Final Injunctive Relief or Declaratory Relief With Respect to Class As A Whole (Rule 23 (b) (2))*

The Court having held that plaintiff has not satisfied any of the prerequisites to a class action specified in Rule 23(a), it follows that the action may not be maintained as a class action pursuant to Rule 23(b) (2).

 Specifically, the Court finds, in the light of the foregoing, that, there being no questions of law or fact common to the class and plaintiff's claim not being typical of the claims of the class, there is no basis for rendering final injunctive relief or declaratory relief with respect to the class as a whole—even assuming arguendo that defendant had acted or refused to act on grounds generally applicable to the class.

## ADMINISTRATION OF JUSTICE UNDER CLASS ACTION RULE

Aside from the technical deficiencies of this action in not satisfying the prerequisites to a class action and thus not being maintainable as a class action, a word or two may be in order with respect to what this Court believes to be sound administration of federal justice under the class action rule.

This Court yields to no one in its recognition of the virtues of the class action device in an appropriate case; and it has been generally hospitable to class action claims where properly asserted.

943, 948–49 (N.D.Ga.1968). And of course they have no bearing on whether

this action may be maintained as a class action.

Tilton v. Finch, 312 F.Supp. 1191, 1194 (D.Conn.1970), prob. juris. noted, 399 U. S. 904 (1970); Norwalk Core v. Norwalk Board of Education, 298 F.Supp. 210 (D.Conn.1968), aff'd, 423 F.2d 121 (2 Cir. 1970); Cranston v. Freeman, 290 F.Supp. 785, 787–88 (N.D.N.Y.1968), rev'd on other grounds, 428 F.2d 822 (2 Cir. 1970); Butterworth v. Dempsey, 229 F.Supp. 754 (D.Conn.1964), aff'd sub nom. Pinney v. Butterworth, 378 U.S. 564 (1964).

The Court of Appeals for this Circuit has acknowledged that "the judgment of the trial court should be given the greatest respect and the broadest discretion" in its class action determinations pursuant to Rule 23(c)(1). City of New York v. International Pipe & Ceramics Corp., 410 F.2d 295, 298 (2 Cir. 1969). Such acknowledgment of broad discretion on the part of the trial court is commensurate with its heavy responsibility in the management of class actions, including problems of unique complexity in discovery proceedings, in the conduct of the trial and in possible compromise proceedings.

It is for these reasons and particularly in view of the standard of conduct expected of district judges in this Circuit in making class action determinations that this Court respectfully declines the invitation tendered by counsel for plaintiff and the EEOC to subscribe to the Fifth Circuit's "across the board" class action concept which permitted a class action to be brought by a discharged employee who alleged various specific acts of discrimination as well as a general company-wide policy of racial

discrimination.[5] In a different context, the Court of Appeals for this Circuit earlier this year similarly declined to adopt another view of the Fifth Circuit: "Whatever the problems of the Fifth Circuit may be, we respectfully decline the invitation." Heaney v. Allen, 425 F.2d 869, 871–72 (2 Cir. 1970).

## SECTION 1292(b) CERTIFICATION DENIED

■ In order to save the time of Court and counsel at this busy time of year, the Court, having given careful consideration to the advisability of including in its order a certification pursuant to 28 U.S.C. § 1292(b) (1964), has decided that such certification is not warranted and would be contrary to the law in this Circuit. City of New York v. International Pipe & Ceramics Corp., *supra*; cf. Lipsett v. United States, 359 F.2d 956, 958–59 (2 Cir. 1966); All American Airways v. Elderd, 209 F.2d 247, 249 (2 Cir. 1954).

The foregoing constitute the Court's findings of fact and conclusions of law pursuant to Rule 52(a), Fed.R.Civ.P.

## ORDER

Ordered that:

(1) This action may not be maintained as a class action.

(2) This action may continue as to the named plaintiff, James Hyatt, but not as a class action.

(3) Certification of this order pursuant to 28 U.S.C. § 1292(b) (1964) is denied.

Crown Zellerbach Corp., 398 F.2d 496 (5 Cir. 1968); Wilson v. Monsanta Company, 315 F.Supp. 977 (E.D.La.1970).

---

5. Johnson v. Georgia Highway Express, Inc., 417 F.2d 1122 (5 Cir. 1969). See also Jenkins v. United Gas Corp., 400 F.2d 28, 32 (5 Cir. 1968); Oatis v.