**Richard RIDGEWAY et al., Plaintiffs,**

**v.**

**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL NO. 134, et al., Defendants.**

**No. 74 C 3045.**

United States District Court,
N. D. Illinois, E. D.

May 26, 1977.

David, Miner, Barnhill & Bronner, Chicago, Ill., for plaintiffs.

Seyfarth, Shaw, Fairweather & Geraldson, Edward J. Calihan, Jr., Marvin Gittler, Anthony J. Valentino, Edwin H. Conger, Tenney & Bentley, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

CROWLEY, District Judge.

This is an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981, brought by black and Hispanic electricians who claim that the defendants' allegedly discriminatory practices and policies have prejudiced their opportunities for employment as electricians in the construction industry in Cook County, Illinois.

The plaintiffs have moved the Court to certify the case, pursuant to Rule 23(b)(2) of the FRCP, as a class action. The defendants oppose the motion on the ground that the plaintiffs can meet none of the requirements of Rule 23(a), the satisfaction of all being the prerequisite to class certification under Rule 23(b).

■ We have dutifully studied defendants' brief and the dozens of cases which they have cited. Nevertheless, taking, as we must at this stage, the substantive allegations of the complaint as true absent a countervailing showing by the defendants, *Blackie v. Barrack*, 524 F.2d 891, 901 n. 17 (9th Cir. 1975), it appears that the plaintiffs do meet all of the Rule 23(a) standards and that the cause falls within the scope of Rule 23(b)(2).

Accordingly, pursuant to Rule 23(c)(1), a conditional order will enter that this case proceed as a Rule 23(b)(2) class action. The class is to include all black and Hispanic electricians who because of their race or national origin, and as a direct consequence of defendants' discriminatory policies:

(a) Have not been, or will not be permitted to obtain journeyman electrician status in Cook County, Illinois;

(b) Have not been, or will not be permitted to obtain union membership in defendant International Brotherhood of Electrical Workers, Local No. 134, and/or

(c) Have not been, or will not be able to obtain regular employment or training as electricians, in Cook County, Illinois.

If in the light of facts which may be adduced later but prior to judgment, it appears that the class as defined is too broad, or that certain issues are inapplicable to all members of the class, we may exercise our power under Rule 23(c)(1) to alter, amend, or decertify the class, or to resort to the use of subclasses pursuant to 23(c)(4)(B). See, *Oatis v. Crown Zellerbach Corp.*, 398 F.2d 496 (5th Cir. 1968).[1]

## I. APPLICABLE PRINCIPLES OF LAW

■ Seventh Circuit decisions which deal with Rule 23 in the context of Title VII litigation impliedly direct trial courts to treat motions for class certification with leniency. In *Bowe v. Colgate-Palmolive Co.*, 416 F.2d 711, 719 (7th Cir. 1969), the Court noted that "[a] suit for violation of Title VII is necessarily a class action as the evil sought to be ended is discrimination on the basis of a class characteristic . . ." Recently, the Seventh Circuit reaffirmed its adherence to this principle, ". . . it is particularly appropriate that suits to remedy violations of [Title VII] be brought as class actions." *Romasanta v. United Airlines, Inc.*, 12 E.P.D. ¶ 11,042s, 537 F.2d 915, 918 (7th Cir. 1976).

The theoretical basis of this notion—that a Title VII suit is necessarily a class action—is that since the vindication of the public interest is dependent upon private suits, the suits are private in form only and a plaintiff who obtains an injunction does

---

1. Counsel for the defendants has brought to our attention a recent opinion of the United States District Court for the District of Columbia, *Gray, et al. v. International Brotherhood of Electrical Workers; et al.*, 73 F.R.D. 638 (1977), in which class status was denied in a similar action. That court held that because the relief sought was primarily declaratory and injunctive, if plaintiffs were to prevail the court would be called upon to fashion an equitable decree directed to all victims of the defendants' employment discrimination, and thus there existed no need for class certification.

The *Gray* rationale represents an admittedly minority approach to class certification in Title VII suits, apparently calculated to promote judicial economy. It is, however, strikingly inconsistent with the Seventh Circuit's approach to the issue. See, *Bowe v. Colgate-Palmolive Co.*, 416 F.2d 711 (7th Cir. 1969).

so "as a 'private attorney general', vindicating a policy that Congress considered of the highest priority." *Oatis v. Crown Zellerbach Corp.*, 398 F.2d 496, 499 (5th Cir. 1968).

## II. THE REQUIREMENTS OF RULE 23(a)

■ Although there should be a generous approach to a motion for class certification in Title VII litigation, plaintiffs must fulfill their statutory burden of showing that they meet the requirements of Rule 23(a).

## A. THERE MUST BE A CLASS

■ The first of these requirements is an implied condition precedent which any plaintiff who seeks to bring an action under Rule 23 must meet before the court will consider the explicit requirements of subsection (a): it is that the plaintiff must show that there is, in fact, a class which needs representing. See generally 7 Wright & Miller *Federal Practice & Procedure: Civil*, § 1760.[2]

■ In the early stages of the litigation the Court must look to the pleadings to determine whether or not there is a class. Where it is clear that a plaintiff's cause is based upon an isolated instance of discrimination, class certification is inappropriate. See, e. g. *O'Brien v. Shimp*, 356 F.Supp. 1259 (N.D.Ill.1973). However, where, as here, the pleadings challenge a system-wide policy of racial discrimination against all minority employees, class certification will be justified if the purported class emerges unscathed from scrutiny under the other requirements of Rule 23(a).

2. Generally, courts have not attempted an independent analysis of this requirement. Some decisions have indicated that if all the Rule 23(a) standards are met, then there is necessarily a "class"; others have determined that the Rule 23(a)(3) requirement of typicality embodies the requirement that a class must exist. See, e. g. *Taylor v. Safeway Stores, Inc.*, 524 F.2d 263 (10th Cir. 1975). However, the language of Rule 23 itself—"One or more members *of a class* may sue or be sued as representative parties on behalf *of all* only if . . ." (Emphasis added)—plainly contemplates a demonstration that there is a class, as a threshold matter.

■ Secondly, the contours of the purported class must be clearly ascertainable— even at the outset of the litigation—or, as cases recognize, the court will be unable to determine whether the other requirements of Rule 23(a) are satisfied. As Judge Godbold, concurring specially in *Johnson v. Georgia Highway Express, Inc.*, 417 F.2d 1122, 1125 (5th Cir. 1969) succinctly noted: "The status of the Title VII complainant as a private attorney general does not entitle him to proceed with all the cards held to his chest or with no cards at all."

This does not mean, however, that each potential member must be identifiable before the trial on the merits. *Carpenter v. Davis*, 424 F.2d 257 (5th Cir. 1970). It merely means that the group designated in the pleadings as sharing with the plaintiff certain relevant characteristics must be circumscribed by some objective set of criteria. In this case, for example, the class is limited to those black and Hispanic electricians who, in one way or another, claim to have personally felt the impact of the defendants' allegedly discriminatory practices and policies.

■ Any particular individual's membership in the class is, of course, a question of fact, and as such properly reserved for trial. But, the outer limits of the class as defined are neither so "vague" or "speculative" as the defendants argued throughout their lengthy brief, that we cannot now proceed to test it against the enumerated requirements of Rule 23(a).

This raises the problem, of course, of finding a definition of the term "class" as used in the Rule. Turning again to the scheme of the Rule for guidance, it appears that a "class" must be taken in the broad colloquial sense of group of people ranked together as having common characteristics, and that the function of the enumerated requirements of Rule 23(a) is to assure that from those characteristics there arises a common legal position *vis a vis* the opposing party, the legal rights or obligations of which the court can efficiently and fairly adjudicate in a single proceeding.

## B. IMPRACTICABILITY (NUMEROSITY): 23(a)(1)

■ Because the nature of this action is an unequivocal, sweeping attack against the policies of employers whose employees number in the hundreds, and because plaintiffs have alleged in the complaint that the purported class embraces hundreds of minority electricians, we hold the numerosity requirement of Rule 23(a) to be satisfied.

The defendants maintain that the plaintiffs have not shown numerosity, first because the plaintiffs have only "speculated" that numerous minority electricians have been injured by the defendants.

■ To the contrary, plaintiffs have supported the complaint with assertions in answers to interrogatories that the class includes hundreds of persons. These assertions are in turn supported by documents produced by the defendants and the Department of Labor during the course of discovery. The fact that the plaintiffs cannot identify by name the purported class members in no way prejudices the plaintiffs' position. Indeed, the contrary might occur. If the plaintiffs were ever to identify all the members of the class in a certain defined geographical area, joinder could be held not impracticable. *Gay v. Hotel & Restaurant Employees, Local 30*, 10 F.E.P. 864 (N.D.Calif.1975).

Defendants' second, but related attack on the plaintiffs' showing of numerosity is that the plaintiffs have attempted to pad the ranks of the purported class by including within it blacks and Hispanics whose rights to claim relief under Title VII and § 1981 are barred by the applicable statutes of limitations, as well as those whose rights have not yet been violated but who allegedly will in the future be subjected to the defendants' illegal practices.

■ Insofar as the class as certified may be construed to include future victims of illegal discrimination, we agree with the defendants that such persons are not proper class members. *Mathews v. Diaz*, 426 U.S. 67, 71 n. 3, 96 S.Ct. 1883, 1887 n. 3, 48 L.Ed.2d 478 (1976). However, whether any particular individual qualifies as a "present" discriminatee is a question of fact which must be reserved until evidence has been presented regarding the defendants' practices and the effect those practices has had upon minority electricians.

■ The defendants' stale claims argument is specious. Plaintiffs do not argue with the general proposition that the class is limited to blacks and Hispanics who have been injured by defendants' allegedly discriminatory practices during the relevant statutory time periods. However, the order entered today in no way precludes us from a later ruling on the applicable statutes of limitations which would have the effect of excluding from the class all those with stale claims.

## C. COMMON QUESTIONS OF LAW OR FACT: 23(a)(2)

■ Defendants contend that the allegations of the plaintiffs' complaint are so unspecific and conclusory that, as a matter of law, this court has no basis upon which to determine whether the commonality requirement, the meaning of which is clear from the plain words of the statute, is satisfied.

Actually, it appears to the Court that it is the defendants' argument in this regard, rather than the plaintiffs' complaint, which is conclusory. Defendant has directed us to no particular defect in the complaint, the allegations of which, although not couched in terms of specific instances of discriminatory treatment, fully satisfy the pleading rules of the F.R.Civ.P., as well as the requirement of 23(a)(2).

Where, as here, an action is directed at a systemwide policy of racial discrimination, although there may be "different factual questions with regard to different employees . . . the 'Damoclean threat of a racially discriminatory policy hangs over the racial class (and) is a question of fact common to all members of the class.' *Hall v. Werthan Bag Corp.*, 251 F.Supp. 184 (M.D.Tenn.1966)." *Johnson v. Georgia Highway Express Co.*, 417 F.2d 1122, 1124 (5th Cir. 1969).

The defendants have not helped their position by the cases they cited in support of their argument. Both *White v. Gates Rubber Co.*, 53 F.R.D. 412 (D.Colo.1971), and *Hyatt v. United Aircraft Corp.*, 50 F.R.D. 242 (D.Conn.1970), are district court decisions in which the Fifth Circuit's approach to the commonality requirement is specifically rejected. In light of the fact that the Seventh Circuit in *Bowe v. Colgate-Palmolive Co.*, 416 F.2d 711 (1969), relied heavily on Fifth Circuit precedent, we decline to accord precedential value to either case. Moreover, the action in *Hyatt* clearly was based upon the plaintiff's own personal grievance against the employer; and the portion of *White* to which the defendants referred is dicta.

■ The second argument propounded by the defendants in support of their position that the plaintiffs have not and cannot show commonality is that the purported class is so ill-defined that it might include blacks and Hispanics who have been refused employment opportunities because of their lack of competency; that the plaintiffs bear the burden of proving discrimination; and that unless and until the plaintiffs can present factual evidence in support of the allegations in their complaint, the plaintiffs cannot establish commonality.

If the gravamen of this argument is that the class, as defined at this stage of the proceeding is over-broad, the argument is untimely. Because the order entered today is conditional, we are empowered to winnow out persons who don't belong in the class at any later stage, but we will not do so before the parties have presented evidence to support their positions.

If the argument is that the plaintiffs must, at this point, show that they will or may succeed on the merits in order to show commonality, the argument is untenable. *Eisen v. Carlisle and Jacquelin*, 417 U.S. 156, 178, 94 S.Ct. 2140, 2153, 40 L.Ed.2d 732 (1974).

### D. TYPICALITY: 23(a)(3)

Courts have not devised a clear standard for determining whether the 23(a)(3) requirement is met, or even what it means. While some decisions have indicated that the claims of the named plaintiff are necessarily typical of the claims of the class when the 23(a)(2) and/or (a)(4) requirements are satisfied, others have insisted that 23(a)(3) must be given an independent meaning.

In *White v. Gates Rubber Co.*, 53 F.R.D. 412, 415 (D.Colo.1971), for example, the Court said that in order to satisfy 23(a)(3) the plaintiff must demonstrate that the other members of the purported class "have suffered the *same grievances* of which he complains." (Emph. added.) To the extent that this test may be construed to require that the plaintiff's claims be substantially identical to those of the absent class members, it has been criticized as being "too demanding", and not only independent from, but also inconsistent with the other 23(a) requirements. 7 Wright & Miller *Federal Practice & Procedure: Civil § 1764.*

■ If, however, "same grievance" is construed to mean that the vindication of the rights of the plaintiffs and the class members depends substantially upon the same legal theory, then 23(a)(3) is conceptually, if not semantically, subsumed within 23(a)(2). See 3B Moore's Federal Practice ¶ 23.06–2. Thus, when the allegations raise an across the board challenge to allegedly discriminatory employment practices, both the commonality and typicality requirements are satisfied where the defendant's practices and policies have resulted in illegal discrimination is "a threshold question . . . which, if resolved favorably to the named plaintiff(s), will be binding against the defendants as to the other members of the asserted class." *Padilla v. Stringer*, 395 F.Supp. 495, 502 (D.N.Mex.1974). See also the detailed discussion of 23(a)(3) and *White* in *Taylor v. Safeway Stores, Inc.*, 524 F.2d 263, 269–271 (10th Cir. 1975).

■ Defendants have further argued that there is no typicality because Hispanics cannot maintain a cause of action under 42 U.S.C. § 1981.

This legal issue is not properly raised in response to the plaintiffs' 23(c)(1) motion. However, if at some later point in the proceedings we do rule that discrimination on account of national origin does not state a cause of action under § 1981, we may easily remedy any resulting class problems by invoking the machinery of 23(c)(4)(B).

### E. ADEQUATE REPRESENTATION: 23(a)(4)

A demonstration of the adequacy of representation requires a showing of the ability of plaintiff's counsel, and that the interests of the named plaintiffs and the class members are not antagonistic. *Eisen v. Carlisle & Jacquelin*, 391 F.2d 555, 562 (2nd Cir. 1968).

Correlatively, the named plaintiff must make a showing that he shares with the class members an interest in the defendant's employment practices. Accordingly, courts have refused to certify classes where the named representative voluntarily terminated his employment for reasons unrelated to the alleged discrimination, *Hyatt v. United Aircraft Corp.*, 50 F.R.D. 242 (D.Conn. 1970); was discharged years before the suit was filed, and at the time of the suit was unable to demonstrate familiarity with the changes in working conditions at the employer's place of business, *Tolbert v. Daniel Construction Co.*, 332 F.Supp. 772 (D.S.C. 1971); voluntarily resigned and at the time of the trial lived over 100 miles from the employer's place of business, *Forst v. First Nat'l Bank of Wash.*, 5 F.E.P. Cases 609 (D.D.C.1972); or, after being discharged from his blue collar job, finished college and, at the time of the suit, had no interest in returning to work for the employer, *Collier v. Hunt-Wesson Foods*, 13 F.E.P. Cases 88 (S.D.Ga.1976).

Unlike the plaintiffs in the above-cited cases to which the defendants referred us, the plaintiffs in this case satisfy the 23(a)(4) standard. They are minority electricians who, to this very day, are seeking journeyman status, union membership and regular employment as electricians in Cook County. That they may have been un-aware, as the defendants pointed out, of the existence or officials of defendant, Electrical Contractors Association, at the outset of this suit, in no way shows their inability to protect absent members of the class. Their attorneys obviously knew about the Association when they filed this complaint, and, realistically speaking, it is the efforts and skill of the plaintiffs' attorneys upon which vindication of the claims of all plaintiffs—named and unnamed—must depend.

Moreover, although the plaintiffs and the class must and do in this case, have "shared" interests, they need not have entirely "coextensive" interests as the defendants (once again) assert, especially where, as here, the plaintiffs have raised an across the board challenge to the defendants' employment practices. *Long v. Sapp*, 502 F.2d 34 (5th Cir. 1974); *Johnson v. Ga. Hw.*, 417 F.2d 1122 (5th Cir. 1969). As the Fifth Circuit has explained:

. . . [O]nce the judicial machinery has been set in train, the proceeding takes on a public character in which remedies are devised to vindicate the policies of the (1964 Civil Rights) Act, not merely to afford private relief to the employee.

*Hutchings v. U. S. Industries, Inc.*, 428 F.2d 303, 311 (5th Cir. 1970). See also, *Parham v. Southwestern Bell Telephone*, 433 F.2d 421 (8th Cir. 1970).

### III. CONCLUSION

For all of the above reasons, we rule that the plaintiffs may maintain this cause as a class action pursuant to Rule 23(b)(2); and that the class which we have conditionally certified shall consist of all those black and Hispanic electricians who fall within the categories enumerated in the fourth paragraph of this opinion.