Linda COBB, Plaintiff,

v.

AVON PRODUCTS, INCORPORATED, Defendant.

Civ. A. No. 75–1285.

United States District Court, W. D. Pennsylvania.

July 26, 1976.

Robert N. Hackett, Joan P. Feldman, Baskin, Boreman, Wilner, Sachs, Gondelman & Craig, Pittsburgh, Pa., for plaintiff.

Malcolm Anderson, Emil E. Narick, Robert H. Stevenson, Anderson, Moreland & Bush, Pittsburgh, Pa., for defendant.

## OPINION

GOURLEY, Senior District Judge:

This is an employment discrimination action brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. § 2000e et seq., by the plaintiff, Linda Cobb, a black female and a former employee of defendant, Avon Products, Inc. The complaint alleges that plaintiff and the class are suffering from Avon's pattern and practice of discrimination on the basis of race and sex with respect to hiring, promotions, compensation, designation of sales areas, and other terms and conditions of employment. Plaintiff seeks, in behalf of herself and the class, injunctive, declaratory, and monetary relief as well as the establishment of an affirmative action program in the nature of an "Equitable Trust Fund" which administered by civil rights and feminist leaders as trustees can be used to eradicate sex and race discrimination, promote desegregation of the sales representatives, and assure the vertical promotion of females.

The immediate matter before the court is whether the proceeding should be certified as a class action to include all persons of the female sex, of either the black or white race, who are, or have been, or may be in the future, employed by the defendant.[1]

The court has held a full and complete hearing and has afforded counsel every opportunity to present any and all evidence, oral or documentary in nature, to support their respective positions. After reviewing the record and considering the briefs and arguments of counsel, the court is of the considered opinion that plaintiff's Motion for Class Action Certification should be denied.

The standards for maintaining a class action are established by Rule 23 of the Federal Rules of Civil Procedure. Initially there must be a threshold showing that the requirements of Subdivision (a) of Rule 23 are met and thereafter a showing that the action falls within one of the class action categories encompassed by Subdivision (b) of the Rule. In the instant proceeding plaintiff advises the court that she is seeking class action certification under Rule 23(b)(2) which is primarily structured for cases where the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate the requested injunctive or declaratory relief.

Subdivision (a) of Rule 23 of the Federal Rules of Civil Procedure provides that one or more members of a class may sue as a representative party on behalf of all others if: (1) the class is so numerous that joinder of all members is not practical; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative party are typical of the claims or defenses of the class, and (4) the representative party will fairly and adequately protect the interests of the class.

Subdivision (b) of Rule 23 provides that if the prerequisites of Subdivision (a) have been satisfied, a class action may be maintained if the action falls within one of its three categories of cases.

Defendant's most serious objection to class certification arises under the requirement that the plaintiff be an adequate representative of the class. In view of plaintiff's obvious failure to satisfy this requirement, the court, for purposes of this pro-

1.  As revealed by plaintiff's proposed order submitted June 7, 1976, plaintiff seeks to represent the following class of individuals:

    (1) All black females engaged by Avon as sales representatives in the United States of America from January 14, 1974 until the present time as to sex and race discrimination.

    (2) All black females employed by Avon as district managers in the United States from January 14, 1974 until the present time as to sex and race discrimination.

    (3) All black females who may be employed by Avon in the United States in the future as district managers as to sex and race discrimination.

    (4) All black females who may be engaged by Avon in the United States in the future as sales representatives as to sex and race discrimination.

    (5) All white females engaged by Avon as sales representatives in the United States from January 14, 1974 until the present time as to sex discrimination.

    (6) All white females employed by Avon as district managers in the United States from January 14, 1974 until the present time as to sex discrimination.

    (7) All white females who may be employed by Avon in the United States in the future as district managers as to sex discrimination.

    (8) All white females who may be engaged by Avon in the United States in the future as sales representatives as to sex discrimination.

    It has been estimated that the proposed members of the class sought to be represented by plaintiff number between 750,000 to 1,000,000 persons. Although the representation of a class of such magnitude and diversification raises most serious questions as to the manageability of the class, possible conflicts of interest between the representative and the class, possible conflicts of interest between the various sub-classes within the class, and the financial ability of the representative to pursue the claim, the court believes that the question of plaintiff's ability to impartially, competently, adequately and dutifully represent the interests of the class is the determinative factor in the resolvement of this question of class action certification.

ceeding, will only direct its discussion to that question.

The bringing of a Title VII action against a corporate defendant does not automatically require the court to determine that it is a proper class action. *Gresham v. Ford Motors Co.*, 53 F.R.D. 105 (N.D.Ga.1970); 3 B. J. Moore, Fed. Practice and Procedure, 23.-02–2 at 23–152 (1974). In every instance the burden is on the plaintiff to establish that all the requirements of Rule 23(a) and one of the requirements of 23(b) have been satisfied. *Eisen v. Carlisle and Jacqueline*, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974). Since the finding of a class action certification requires compliance with 23(a) in every case, and in view of plaintiff's failure to comply therewith, the court finds it unimportant to find whether the action meets the criteria of action 23(b)(2).

Rule 23(a)(4) of the Federal Rules of Civil Procedure provides that the representative party must be able to fairly and adequately protect the interests of the class. This means that the interests of the plaintiff may not be inimical to the interests of the class members and that said representative must be expected to pursue the action forthrightly and with vigor. *Rodgers and Turner v. United States Steel Corp., et al.*, 69 F.R.D. 382 (W.D.Pa.1975); *Wetzel v. Liberty Mutual Insurance Co.*, 508 F.2d 239 (3rd Cir. 1975).

■ Adequacy of representation by a plaintiff is ultimately a question of fact with respect to which the plaintiff must bear the burden of proof. *Dennis v. Norwich Pharmacal Co.*, 5 FEP 921 (D.S.C. 1973). A plaintiff does not satisfy the burden of being a proper representative of a class merely because of his race or sex or because he designates his action as a class action. Instead, plaintiff must be able to satisfy the court that he will be able to adequately and satisfactorily represent the interests of the proposed class.

■ The law is well settled that a court should not conduct a preliminary inquiry into the merits of a suit to determine whether it may be maintained as a class

action. *Eisen v. Carlisle and Jacqueline* (supra). However, a preliminary hearing addressed not to the merits of plaintiff's individual claim but to whether she is asserting a claim which, assuming its merit, will satisfy the requirements of Rule 23 has never been regarded as violative of the rule stated in *Eisen* (supra). *Miller v. Mackey International, Inc.*, 452 F.2d 424 (5th Cir. 1971).

■ The Court is satisfied that the evidence of plaintiff's character and performance while in defendant's employ is most relevant and pertinent and serves as an astute barometer of plaintiff's ability to serve in the capacity of a representative of the proposed class. Although other inferences might be drawn from this same evidence which could ultimately have probative value as to the merits of the proceeding, it is most important that this inquiry be made, especially since the plaintiff seeks relief under Rule 23(b)(2). Adequacy of the representative is of monumental importance since representation demands undiluted loyalty to the class interests and because of the res judicata effect of judgment in a class action.

As stated by the court in *Huff v. N. D. Kass Company*, 485 F.2d 710:

" . . . '[o]n the merits' is an elusive term at best, not wholly suitable as a guideline in this situation. In a sense much that a plaintiff alleges with respect to his individual claim goes to the 'merits' of his claim. A plaintiff who seeks to represent all employees on a claim of discriminatory denial of promotions might, if the case goes to trial, lose on his individual claim because it turns out that he was never employed by the defendant. Retrospectively one might say he lost 'on the merits.' Yet there is no doubt that the court could lay bare at a preliminary stage this fact concerning the plaintiff, and, having done so, conclude plaintiff was not a proper representative because he lacked the nexus with the class and its interests and claims which is embraced in the various requirements of 23(a) and (b)."

In the instant proceeding it is not in dispute that the plaintiff, Linda Cobb, applied for and accepted a position as district manager for the defendant, Avon Products, Inc., in September of 1973. The record likewise reflects that the plaintiff's job as district manager was a full time position in which her duties and responsibilities required her to devote her full time and energy to her general function of increasing the sales of Avon Products, Inc. through recruiting, training, development, and negotiation of representatives in her district.

More specifically, plaintiff was required to recruit representatives in sufficient quantities to meet district needs, select qualified representatives who had the time and motivation to provide customer service, to train new representatives, to conduct training sessions on an individual and group basis, to motivate and to inspire all representatives through periodic and individual contacts and group sales meetings, and to replace representatives who did not fulfill their contractual obligation to provide customer services. Plaintiff was also required to meet with her representatives in what was called "a contact room" where she would assist, once a week, those persons who had problems or who had questions concerning their orders for Avon Products.

The record reveals, and the court so finds, that the plaintiff, prior to assuming her position as district manager with the defendant, was well aware of the duties and responsibilities which were attached to her position. Nevertheless, the record will speak for itself as to plaintiff's attitude and neglect toward these very.same responsibilities. From May 6, 1974 until her dismissal by the defendant in August of 1974, the plaintiff in addition to her job with the defendant was working 40 to 45 hours a week as a receptionist for T.W.A. From May 6, 1974, plaintiff unquestionably devoted her full time and energies towards her other position with T.W.A. thereby neglecting her responsibilities and duties with defendant. Very simply, the record reveals that plaintiff continued to enjoy the benefits from the defendant corporation while giving the fruits of her labor to another employer.[2]

The court would like to reiterate that in its review of the record, affidavits and testimony presented, careful consideration and weight was only given to the evidence as it related to plaintiff's ability to fairly and adequately represent the interests of the proposed class. The court can only conclude after review of the same that a person who is capable of deceiving her employer and disregarding her duties and responsibilities to the extent which the plaintiff has exhibited here, that said individual is not the type of person who would be attentive to her responsibilities and duties as a representative of a class of litigants. The court is convinced that plaintiff's performance in her former position is most indicative of her character and attitude toward her responsibilities, and accordingly must reach the conclusion that plaintiff does not possess those qualities which would enable her to carry out the treacherous duties of a class representative. Plaintiff simply lacks the high standard of forthrightness, vigor, dedication and sincerity required of a class action plaintiff and for that reason plaintiff's motion for class action certification is denied.

An appropriate order is entered.

2. The defendant also asserts that as a result of plaintiff's holding two full time positions, she fabricated and submitted false records and reports, misused and misappropriated funds belonging to members of the class which she seeks to represent. However, the merits of said allegations are not before this court.