**Bobby M. LINDER, Individually, and on behalf of all others similarly situated,**

v.

**LITTON SYSTEMS, INC., AMECOM DIVISION.**

Civ. No. B–75–1233.

United States District Court, D. Maryland.

Nov. 24, 1978.

Kenneth L. Johnson, and Johnson & Smith, P. A., Baltimore, Md., for plaintiff.

William F. Jordan, Beverly Hills, Cal., Leonard E. Cohen, Monte Fried, and Frank, Bernstein, Conaway & Goldman, Baltimore, Md., for defendant.

## MEMORANDUM AND ORDER

BLAIR, District Judge.

The named plaintiff in this employment discrimination case, Bobby M. Linder, seeks to bring an action on behalf of a class of all black persons who have been, are, or will be adversely affected by defendant Litton Systems' allegedly unlawful employment practices. These policies and practices are alleged to include recruitment, hiring, educa-tional requirements, promotions, termina-tions, seniority, rating, testing, assignment, and harassment of black employees who assert their constitutional and statutory rights. In short, plaintiff has launched an across-the-board attack against Litton. The defendant has moved to dismiss on several grounds.

This court has dismissed all claims assert-ed under 42 U.S.C. § 1983, § 1985, the Thirteenth Amendment and the Fourteenth Amendment. Order of this court dated Oc-tober 3, 1978. The complaint is thus limited to claims arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* and under 42 U.S.C. § 1981. This court held a hearing at which the parties addressed the following issues:

I. whether the complaint is sufficient to state a claim under Federal Rule of Civil Procedure 8(a);

II. whether the action under 42 U.S.C. § 1981 is barred by Maryland's stat-ute of limitations;

III. whether the named plaintiff filed a timely charge with the EEOC in order to bring this action under the jurisdiction of this court under 42 U.S.C. § 2000e–5; and

IV. whether the named plaintiff is ade-quate to represent the class.

The court will address the issues *seriatim.*

I. *Sufficiency of the complaint.*

The defendant has moved to dismiss the complaint on the ground that the allega-tions contained therein are conclusory and assert no facts sufficient to state a claim on which relief may be granted.

 The complaint properly invokes jurisdiction and alleges, with respect to named plaintiff Linder, in sum, that he was discriminatorily laid off because of his race on November 6, 1970, that he filed a charge of employment discrimination, that defend-ant failed to recall him, and that he seeks, among other forms of relief, back pay to compensate him for the allegedly discrimi-natory layoff. This court finds the com-plaint in this case sufficient to put the defendant on notice of the nature of the

named plaintiff's claim and the grounds upon which it rests. No more is required under Fed.R.Civ.P. 8(a). *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), *see also United States v. Gustin-Bacon Division, Certain-Teed Products Corp.,* 426 F.2d 539, 542 (10th Cir. 1970), *cert. denied,* 400 U.S. 832, 91 S.Ct. 63, 27 L.Ed.2d 63 (1970). The fundamental rights and important questions of public policy involved in discrimination cases militate against dismissal of a complaint unless it is clearly frivolous or fails to state a claim for relief. 5 Wright & Miller, *Federal Practice and Procedure,* Civil § 1230 at 174 (1969).

It is unnecessary to reach the question whether the allegations in the complaint are sufficient to support a claim for class-wide relief since this court has determined that this action may not properly proceed as a class action. *See* Part IV *infra.* Accordingly, defendant's motion to dismiss Linder's individual complaint for failure to state a claim will be denied.

## II. *The statute of limitations under 42 U.S.C. § 1981.*

. ▄▄▄ The defendant has moved this court to dismiss plaintiff's claim under 42 U.S.C. § 1981 on the ground that no cause of action is asserted which falls within the limitations period. It is by now well-settled that the appropriate state law ordinarily provides the applicable statute of limitations for an action brought under 42 U.S.C. § 1981. *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 462, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975). The parties do not dispute that the appropriate Maryland statute is the three-year limitation applied to civil actions generally, *Annotated Code of Maryland,* Courts and Judicial Proceedings § 5–101. *See Williams v. Norfolk and Western Ry. Co.,* 530 F.2d 539, 541 (4th Cir. 1975); *Harper v. Mayor & City Council of Baltimore,* 359 F.Supp. 1187, 1195–96 n.12 (D.Md.1973), *modified in other respects sub nom. Harper v. Kloster,* 486 F.2d 1134 (4th Cir. 1973) (applying Maryland's former three-year statute of limitations for actions based upon Maryland Declaration of Rights

to a federal action brought under 42 U.S.C. § 1983).

This action was filed on September 5, 1975. Therefore, the answer to the question whether the plaintiff can state a claim under § 1981 depends on whether the plaintiff was the victim of any racial discrimination perpetrated by the defendant on or after September 5, 1972. Plaintiff asserts that the discriminatory acts in his individual case were his November 6, 1970 layoff and the subsequent continuing failure of the defendant to recall him. The continuing nature of the failure to recall, he asserts, is sufficient to bring this action within the limitations period.

In assessing continuing discrimination under Title VII, the Supreme Court has stated that "the critical question is whether any present *violation* exists," *United Air Lines, Inc. v. Evans,* 431 U.S. 553, 558, 97 S.Ct. 1885, 1889, 52 L.Ed.2d 571 (1977) (emphasis in original), not whether a past occurrence continues to affect the plaintiff. This standard would appear to apply equally to a claim of continuing discrimination under § 1981. Therefore, if plaintiff wishes to avoid the bar of Maryland's three-year statute of limitations, he must allege some "present violation" on or after September 5, 1972.

▄▄▄ Plaintiff relies on *Cox v. United States Gypsum Co.,* 409 F.2d 289, 290–91 (7th Cir. 1969), in which the court, upholding the EEOC's decision to process a charge filed more than 90 days after layoff, stated that a layoff suggests the possibility of re-employment and therefore admits the possibility of continuing discrimination. It is still possible after *Evans, supra,* that there may be cases in which failure to recall would constitute a "present violation." In *Evans,* the plaintiff was "forced to resign," 431 U.S. at 554, 97 S.Ct. 1885, not laid off. When plaintiff in this case filed a charge of discrimination with the EEOC on March 17, 1971 (Exhibit A to Defendant's Motion to Dismiss, Court Paper # 4), he indicated that the most recent date of discrimination against him was March 16, 1971, the day before. According this layman's complaint

a liberal reading, *Cox, supra,* at 290, it appears that plaintiff believed that he was suffering from continuing discrimination.[1]

In this case, there is no conclusive evidence on the record to contradict plaintiff's assertion that he remained subject to recall and thus continued to suffer racial discrimination into the limitations period owing to Litton's failure to recall him. Thus, there is no ground to dismiss on the basis of Maryland's three-year statute of limitations, *Annotated Code of Maryland,* Courts and Judicial Proceedings § 5–101.[2] Accordingly, defendant's motion to dismiss plaintiff's action under 42 U.S.C. § 1981 is denied.

### III. *Timeliness of the EEOC charge.*

The defendant has moved to dismiss plaintiff's action under Title VII on the ground that the allegedly discriminatory layoff in this case does not fall within this court's jurisdiction, having occurred on November 6, 1970, 131 days prior to plaintiff's filing a charge of discrimination with the Commission (March 17, 1971). At the time of the actions in question, Title VII provided that a charge of discrimination was to be filed within 90 days of the allegedly discriminatory act.[3] Timely filing of a charge of discrimination is, of course, a jurisdictional prerequisite to a lawsuit under Title VII. *Alexander v. Gardner-Denver Co.,* 415

U.S. 36, 47, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974). Accordingly, the defendant argues, this court's inquiry must be limited to the plaintiff's allegations of discriminatory failure to recall which occurred within the 90 days. Plaintiff argues that the series of transactions leading up to the March 17, 1971 charge constitute a unity, and that this court should properly consider the layoff as well as the continuing failure to recall.

This court has decided not to rule at this time on this aspect of defendant's motion to dismiss, but to reserve the question for trial.[4]

### IV. *Adequacy of plaintiff to represent any class of past, present or future employees.*

Plaintiff seeks to represent a class comprising "all black applicants for employment, all present black employees and all potential black employees of the Defendant at its facilities in College Park, Maryland." Complaint ¶ IV. The defendant does not contend that the proposed class fails to meet the numerosity, commonality or typicality requirements of Fed.R.Civ.P. 23(a) but does strenuously urge that Bobby Linder is not able fairly and adequately to protect the interests of the class as required by Fed.R.Civ.P. 23(a)(4).

---

1. On the other hand, it also appears from the same document that he had come to believe he had been fired. (Exhibit A to Defendant's Motion to Dismiss). If he had in fact been fired, then the discriminatory act would be complete, *King v. Seaboard Coast Line Railroad Co.,* 538 F.2d 581, 583 (4th Cir. 1976), and the doctrine of continuing discrimination would be unavailable.

2. The defendant has also argued that the state statute of limitations should apply to an action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* effectively barring proof of any discrimination prior to September 5, 1972. This court is of the opinion that the time limitations incorporated in the Act by Congress are dispositive; Title VII does not borrow state statutes of limitations. *Kirk v. Rockwell Int'l. Corp.,* 578 F.2d 814, 819 (9th Cir. 1978).

3. The Equal Employment Opportunity Act of 1972 extended the period within which a charge of unlawful discrimination could be filed from 90 to 180 days. 42 U.S.C. § 2000e-5(e) (1972), Pub.L. 92–261 § 4(a).

4. Defendant has also questioned whether plaintiff has satisfied the second jurisdictional prerequisite for a suit under Title VII, namely, receipt of and action upon the EEOC's statutory right-to-sue notice. *Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 47, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974). The Commission didn't issue the right-to-sue notice to plaintiff until six days after this suit was instituted. Although plaintiff had not received his right-to-sue letter when he filed this suit, the EEOC's subsequent issuance of the letter sufficiently cured any jurisdictional defect in the pending action. *Henderson v. Eastern Freight Ways, Inc.,* 460 F.2d 258, 260 (4th Cir. 1972), *cert. denied,* 410 U.S. 912, 93 S.Ct. 976, 35 L.Ed.2d 275 (1973).

Adequacy of representation embodies due process considerations and is consequently the most important of all the prerequisites to a Rule 23 class action. Since the class members are conclusively bound by the outcome of the action, basic principles of fairness and justice demand that the representation they receive be adequate. *See generally*, Judge Godbold's concurring opinion in *Johnson v. Georgia Highway Express, Inc.*, 417 F.2d 1122, 1126–27 (5th Cir. 1969). Accordingly, it is the court's duty to be reasonably certain before certifying a class that the representative will vigorously prosecute the action. *See generally*, A. Miller, *An Overview of Federal Class Actions: Past, Present, and Future*, 27–29 (Federal Judicial Center, December 1977) (hereafter *Miller Monograph*); *Gonzales v. Cassidy*, 474 F.2d 67, 72 (5th Cir. 1973).

Plaintiff acknowledges that he bears the burden of meeting the requirements of Rule 23 and showing that he will adequately protect the interests of the absent class members. *See, e. g., Poindexter v. Teubert*, 462 F.2d 1096, 1097 (4th Cir. 1972); *Nance v. Union Carbide Corp., Consumer Products Division*, 540 F.2d 718, 723 (4th Cir. 1976), *vacated and remanded on other grounds for reconsideration in light of International Brotherhood of Teamsters v. United States*, 431 U.S. 952, 97 S.Ct. 2671, 53 L.Ed.2d 268 (1977). The question of the adequacy of the class representative is necessarily one of fact which will vary from case to case. *See, e. g., Schy v. Susquehanna Corp.*, 419 F.2d 1112, 1116 (7th Cir. 1970), *cert. denied*, 400 U.S. 826, 91 S.Ct. 51, 27 L.Ed.2d 55 (1970); *Predmore v. Allen*, 407 F.Supp. 1053, 1064 (D.Md.1975). It is not, as a rule, a question susceptible of decision on the information supplied by the complaint itself. *Roman v. ESB, Inc.*, 550 F.2d 1343, 1349 (4th Cir. 1976). In this case, the defendant has undertaken considerable discovery on the issue of adequacy, both parties have thoroughly briefed the question and have argued it in open court. In light of the facts thus revealed, this court finds that Linder is not adequate to undertake the grave fiduciary responsibility of representing any class of victims of defendant's alleged employment discrimination.

The factors the court considers relevant to the determination of adequacy in this case are:

(1) the nature and extent of the named party's stake in the outcome, 7 Wright & Miller, *Federal Practice and Procedure*, Civil § 1767 at 638 and *see, e. g., Jenkins v. General Motors Corp.*, 354 F.Supp. 1040, 1044 (D.Del.1973);

(2) the extent to which the interests of the would-be representative are coextensive with those of the class, that is, the named party's "nexus" with the class, Wright & Miller, *supra*, Civil § 1769 and *see, e. g., Hubbard v. Rubbermaid, Inc.*, 78 F.R.D. 631, 642 (D.Md.1978);

(3) the named party's familiarity with the conditions he seeks to challenge on behalf of the class, *see, e. g., Hyatt v. United Aircraft Corp., Sikorsky Aircraft Division*, 50 F.R.D. 242, 245 (D.Conn.1970); and

(4) the "quality" of representation, a factor which embraces both the competence of counsel and the stature and character of the named representative himself; 7 Wright & Miller, *Federal Practice and Procedure*: Civil § 1766, at 632. *Eisen v. Carlisle & Jacquelin*, 391 F.2d 555, 562 (2d Cir. 1968).

The first factor, the named party's stake in the outcome of the action, has been said to be important but not determinative. 7 Wright & Miller, *supra*, Civil § 1767. Nevertheless, in an employment discrimination case, it is of no small significance that the class representative have an interest in the equitable relief he seeks on behalf of his class. *See Jenkins v. General Motors Corp.*, 354 F.Supp. 1040, 1044 (D.Del.1973).

In this case, Bobby Linder has been away from Litton for nearly eight years. He testified at deposition that since he left the company he has had virtually no contact with Litton or any of its employees, the class he seeks to represent. (Transcript of Deposition of Bobby M. Linder, Exhibit C to Defendant's Supplemental Memorandum,

Court Paper # 30, hereinafter PD, at 330.) He moved to Spartansburg, South Carolina in 1974 (PD 10), where he owns his own home (PD 17), where his wife is employed full-time (PD 20), where he is registered to vote (PD 30), where his automobile is registered (PD 23), and where he does business as owner of a retail establishment called the Music Shack (PD 39–44). He stated further, in response to a question whether he was interested in returning to his former position at Litton that "If things have changed, I might consider it." (PD 107, *see also* PD 346). He does not seek reinstatement.[5]

Under these circumstances, while Mr. Linder doubtless is interested in proving discrimination against himself in 1970–71, he can have only an abstract interest in the outcome of this litigation as it affects other black persons employed since November 1970 or to be employed in the future by Litton. *Cf. Ashworth v. Sherwin-Williams Co.*, 10 FEP Cases 709, 710 (N.D.Ga.1974) (serious question whether plaintiff with no personal stake in relief other than back pay is able fairly to represent class.) Accordingly, this court finds that this factor, the extent of the named party's interest in the outcome, militates against a finding of adequacy of representation. Of course, as noted, this factor alone is not dispositive. *Wright & Miller, supra,* Civil § 1767, at 637.

The second factor this court will consider in determining whether Mr. Linder is an adequate class representative is the nexus between the named party and the class. This concept necessarily overlaps the 23(a)(3) requirement that the representative's claim be "typical" of the claim of his class. *Hubbard v. Rubbermaid, Inc.*, 78 F.R.D. 631, 642 (D.Md.1978). Included in the concept of nexus is the showing that the plaintiff must make that he is a member of the class he seeks to represent. *East Texas Motor Freight v. Rodriguez*, 431 U.S. 395, 403, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977). In other words, the would-be representative must be one who is personally aggrieved by

the alleged unlawful discrimination. *Doctor v. Seaboard Coast Line Railroad Co.*, 540 F.2d 699, 711 (4th Cir. 1976). The named plaintiff in this case was allegedly aggrieved at most by the defendant's policies of layoff and recall. He is not a member of any class of persons who may have suffered discrimination with respect to hiring, recruitment, transfer, promotion, testing, assignment, or any other unlawful practice allegedly perpetrated by the defendant.

While this court fully recognizes the appropriateness of an across-the-board attack on racial discrimination under Title VII, *Barnett v. W. T. Grant Co.*, 518 F.2d 543, 547–48 (4th Cir. 1975), it is apparent from the facts of this case that Bobby Linder, whose nexus to the total class he seeks to represent is so attenuated as to be practically nonexistent, is not the proper person to represent all those who may have suffered from allegedly unlawful practices of the defendant other than layoff and recall. He is clearly inadequate to represent present employees, unhired applicants, and future employees.

The third factor, the named plaintiff's familiarity with the policies of the defendant, reinforces this conclusion and demonstrates Mr. Linder's inability to represent even past employees. Mr. Linder has had no contact with Litton Systems since his few unsuccessful attempts to be recalled in early 1971. (PD 330). As noted above, he and his family have long been settled in South Carolina. He testified in 1976 that "the very last time [he] talked to anybody who works at the Amecom Division" was "[a]bout five years ago." (PD 330). He admitted unhesitatingly that he knows nothing at all about the defendant's current employment practices:

Q: Do you know what Litton's present policies are?

A: No.

Q: Let me list them and you can tell me. With respect to hiring?

A: No, I don't.

Q: Recruitment?

---

5. In fact, since he has claimed 100% physical disability as a result of a motorcycle accident in

1974, he would probably be ineligible for reinstatement in any case. (PD 90).

A: No, I don't.

Q: Promotions?

A: No, I don't.

Q: Seniority?

A: No, I don't.

Q: Rating systems?

A: No, I don't.

Q: Terminations?

A: No, I don't.

Q: Job assignments?

A: No.

Q: Job transfers?

A: No.

Q: Testing of employees?

A: No.

Q: Do you know what procedures Amecom uses to recruit its employees right now?

A: No.

Q: Do you know the names—do you know any blacks who were recruited who were not recruited in the same way as whites?

A: I never got into that aspect of it.

Q: Did Amecom have any educational requirements for the job of mechanical inspector A, the job you took?

A: Not to my knowledge.

Q: Do you know of any educational requirements which you personally were subjected to for that job?

A: No. I think the most they looked for was experience.

Q: Do you know any white who was not subjected to some type of educational requirement at Amecom that you were subjected to?

A: That I was subjected to—no, I don't.

Q: Do you know any blacks at Amecom who were subjected to different educational requirements than whites?

A: No, I don't, because I didn't get into that aspect of it.

Q: Do you know any qualified black who was refused employment by Amecom so that a less qualified white person could be hired?

MR. JOHNSON: You mean other than himself?

MR. FRIED: Yes, other than allegedly himself.

A: No, I don't.

\* \* \* \* \* \*

Q: Do you know any black who was refused employment by Amecom so that a white with the same qualifications could be hired?

A: No, I don't.

Q: Do you know any black employee who was discriminatorily denied promotional opportunities which were provided to white employees?

A: Besides me?

Q: Besides you, allegedly.

A: I'm trying to think of his name. All I can give you is his first name, Joe.

Q: Joe was, what, a black employee?

A: Right. He was in the shipping room and receiving and he was always talking about he wanted to get into mechanical inspecting, but they would always tell him he didn't have enough experience.

Q: Well, did they let some other white employee take it, that you know of, that had less experience? Let me change that question.

Was there any other white who was less qualified than Joe who wanted to get into the inspection area and was let in, that you know of?

A: No, not that I know of.

Q: Do you know any black employees who were terminated by Amecom for reasons different than the reasons for which whites were terminated?

A: No, I don't.

(PD 330–31, 335–37). At another juncture, the would-be class representative stated that the only thing he knew about Litton Systems, Inc. now is that "they sell microwave ovens." (PD 317).

█ In support of his contention that he is adequate to represent the class, the named plaintiff has correctly pointed out that his status as a former employee does not *per se* render him incompetent to be a class representative. This court agrees. *Hubbard v. Rubbermaid, Inc.*, 78 F.R.D.

631, 643–44 (D.Md.1978). His prolonged absence is but one fact this court must consider in determining whether he is adequate. As the court stated in *Wetzel v. Liberty Mutual Insurance Co.*, 508 F.2d 239, 247 (3d Cir.), *cert. denied*, 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679 (1975):

> We believe that a former employee, who is not entitled to reinstatement, may still be an adequate representative of a class of past and present employees alleging discriminatory employment practices. Whether a party adequately represents a class depends on all the circumstances of the particular case. . . . That a person is no longer employed with a company and is not entitled to reinstatement is but one of the circumstances to be considered in the determination of whether Rule 23(a)(4) has been met.

*Id.* at 247 (citation omitted) (footnote omitted).

The complaint indicates that Mr. Linder's tenure at Litton was relatively brief: he was hired June 25, 1969 and laid off November 6, 1970. His testimony at deposition reveals that he cannot even name another person who was discriminated against during the time he worked at Litton. This court is of the opinion that Linder's fleeting acquaintance with the defendant corporation and his now almost eight-year absence from the company taken together with his apparent lack of interest in present and future conditions at Litton and his utter ignorance of the policies and practices he seeks to challenge render him wholly inappropriate to represent a class of past, present, or future employees. *Cf. Horton v. M & B Metal Products Co.*, 11 FEP Cases 1039, 1041 (N.D.Ala.1974).

The last factor, "quality" of representation, embraces both the competence and experience of counsel and the sincerity and dedication of the named plaintiff. *Miller Monograph, supra* at 31–39. No issue has been raised in this case as to the ability of plaintiff's counsel to prosecute a complex discrimination case. The defendant has briefed and argued, however, the question whether Mr. Linder himself possesses suffi-cient moral stature to shoulder the responsibility of this suit.

Although it is quite clear that an inquiry into the character of a purported class representative may, on occasion, be germane to the issue of adequacy under Rule 23(a)(4), *see, Cobb v. Avon Products, Inc.*, 71 F.R.D. 652, 655 (W.D.Pa.1976), *appeal dismissed*, 565 F.2d 151 (3d Cir. 1977); *Miller Monograph, supra*, at 32, this court is of the opinion that such an inquiry is not necessary in this case. It is abundantly clear to this court from the facts heretofore set forth that Mr. Linder lacks sufficient interest in the case, identity with his class and knowledge of the policies he challenges to serve in the fiduciary role of a class representative. There is no need to inquire further.

Since the named plaintiff has failed to sustain the burden of proving that he will fairly and adequately protect the interests of the class under Fed.R.Civ.P. 23(a)(4), no class will be certified, all allegations in the complaint requesting that this action proceed as a class action will be stricken, and the case will proceed on the individual claim of Bobby M. Linder.

Accordingly, it is this 24th day of November, 1978, by the United States District Court for the District of Maryland, ORDERED:

1. That defendant's motion to dismiss the complaint for failure to state a claim be, and the same hereby is, DENIED;

2. That defendant's motion to dismiss the claim asserted by the plaintiff under 42 U.S.C. § 1981 be, and the same hereby is, DENIED;

3. That defendant's motion to dismiss for lack of jurisdiction under 42 U.S.C. § 2000e *et seq.* be, and the same hereby is, DENIED;

4. That plaintiff's request for class certification be, and the same hereby is, DENIED;

5. That all allegations in plaintiff's complaint relating to claims on behalf of a class be, and the same hereby are, STRICKEN;

6. That the protective order imposed by this court by Order of January 7, 1977 be, and the same hereby is, DISSOLVED;

7. That discovery proceed subject to the scheduling order of this court entered this date; and

8. That discovery proceed limited solely to plaintiff's individual action for discriminatory layoff and failure to recall under 42 U.S.C. § 1981 and 42 U.S.C. § 2000e *et seq.*